May Term,
1850.

Hays
v.
Hays.

Hays and Others *v.* Hays.

Uncertainty in an award renders it void.

Courts of Equity will entertain jurisdiction to cancel or set aside an instrument void on its face.

Tuesday,
May 28.

ERROR to the *Dearborn* Circuit Court.

Smith, J.—A bill in chancery was filed by *Abiah Hays*, containing a statement of facts substantially as follows:

In *June*, 1845, the complainant purchased a farm of one *Fox*. The latter person had previously purchased the farm at a sheriff's sale. It was sold as the property of *Job Hays*, and, by the decree ordering the sale, the sheriff was ordered to give the purchaser possession. At the time of the sale *Job Hays*, with his son, *Joseph H. Hays*, and his son-in-law, *Coridon Swift*, were living upon the premises; and on the 17th of *June*, 1845, the complainant and those persons made the following agreement in writing:

"Memorandum of an agreement made between *Abiah Hays*, and *Job Hays*, and *Coridon Swift*. First, the said *Abiah Hays* agrees to permit the said *Coridon Swift* and family, with *Joseph H. Hays*, who is a party to this agreement, to live in the house on the farm which the said *Abiah* lately purchased of *Charles Fox*, on which the said *Swift* and *Joseph* now live; and to harvest, and take the crop of wheat, and have the use of the farm, and house, and stable. The said *Job*, *Coridon*, and *Joseph*, give full possession of all the farm and crop of corn, and agree to hold as tenants under the said *Abiah*. They are to keep up fences, and are at liberty to remain on the place until the 1st of *September* next; and give to the said *Abiah* full and peaceable possession of house, out-houses, stables, and farm, without notice, and in the meantime commit no waste; to pay, as rent to the said *Abiah*, five dollars a month for the use of houses, &c., and the privileges aforesaid. And it is agreed that the said *Abiah* shall pay to the said *Coridon* and *Joseph* such sum as the corn is now worth in its situation; and if they cannot agree upon the value of the corn crop, it is to be left to

*Ezra Guard* and *Thomas N. Williams;* and their decision to be final between the parties."

This agreement was signed and sealed by the parties.

They did not agree upon the value of the corn; and, on the 12th of *August,* 1845, the said *Guard* and *Williams* were called upon to make a valuation. They, accordingly, made the following award :

"We, the undersigned, referees chosen by *Abiah Hays* of the one part, and *Job Hays, Coridon Swift,* and *Joseph H. Hays,* of the other part, to view and value a quantity of corn on the ground, as set forth in an article to which this award has reference, made and concluded by the above parties on the 17th of *June,* 1845, do award to *Joseph H. Hays* 9 dollars and 50 cents for each and every acre of bottom corn on the 17th of *June last,* and 1 dollar and 50 cents per acre for subsequent tending; also, to *Joseph H. Hays* 2 dollars and 50 cents per acre for the hill corn, and 1 dollar and 50 cents per acre for subsequent tending. We also award to *Coridon Swift* 6 dollars and 50 cents per acre of bottom corn, and 1 dollar and 50 cents per acre for subsequent tending; also, 3 dollars and 50 cents per acre for each acre of hill corn, and 1 dollar and 50 cents per acre for subsequent tending; making for *Joseph H. Hays* bottom corn, including subsequent tending, 11 dollars per acre ; and for the hill, including subsequent tending, 4 dollars per acre. Also, making the corn in the bottom to *Coridon Swift,* including subsequent tending, 8 dollars per acre, and 5 dollars per acre for the hill corn, including subsequent tending."

This award was signed and sealed by the arbitrators.

The complainant refused to comply with the terms of this award ; and the defendants and one *Warmsley* gathered the corn—there being of it about 6,500 bushels. They sold about 3,000 bushels of it to one *Craft,* at the price of about 740 dollars, which purchase-money had not been paid, and there was still remaining in the defendants' crib 3,500 bushels, worth 840 dollars.

The prayer of the bill was to have the award set aside; *Craft* restrained from paying the price of the corn pur-

chased by him to the defendants until the further order of the Court; the right of the parties to the corn ascertained and determined; and for general relief.

An injunction was accordingly granted, and the cause was afterwards heard on the bill, answers, and depositions.

The Court set aside the award; found the amount due to the defendants, *Coridon Swift* and *Joseph H. Hays*, for the value of the corn at the time mentioned in their contract with the complainant, and for the subsequent tending, and rendered a decree requiring *Craft* to pay into Court 454 dollars and 97 cents due by him for the corn he had purchased, 354 dollars and 94 cents of which was directed to be paid to the complainant as the amount due him from the proceeds of the corn, after deducting the sum due the defendants.

The decree is objected to, on the ground that the complainant had no right to the possession of the corn, without complying with the terms of the award. Without examining some other alleged defects, we must regard the award as void, because it is indefinite and uncertain. *Parker* v. *Eggleston*, 5 Blackf. 128.—*Carnochan* v. *Christie*, 11 Wheat. 446.—6 Pet. Cond. R. 381. No definite sum is awarded to be paid to the defendants or either of them, and the award furnishes no data from which the amount to be paid them can be computed. The corn is valued at four different sums per acre; but neither the whole number of acres, or the number of acres valued at each or any of the sums mentioned in the award, is ascertained. It is evident, therefore, that the amount to be paid by the complainant was not determined, but was left open to subsequent dispute and litigation, and for that reason the award was properly set aside.

It has been doubted whether a bill to cancel or set aside an instrument void upon its face could be maintained, inasmuch as the validity of such an instrument might be contested at law whenever there should be any attempt to enforce it or to set up any pretended rights under it, but it is settled by the modern decisions that in such

cases jurisdiction will be entertained.    2 Story's Eq. Jur. <span style="float:right">May Term,</span>
c. 17, s. 700.                                              <span style="float:right">1850.</span>

*Per Curiam.*—The decree is affirmed with costs, &c.
*J. Ryman*, for the plaintiff.