RICHARD T. GILL, impleaded with George Michael and Elijah Wicklin, Plaintiff in Error, *v.* SAMUEL HOBLIT, Defendant in Error.

ERROR TO LOGAN.

The case of *Orendorff et al.* v. *Stanberry et al.*, 20 Ill. R., page 90, considered and approved.
A summons issued from Logan county addressed to the sheriff of Cook, commanding him to serve a defendant in *his* county, so that he might appear at Lincoln, in said county, is void.

THIS was an action of assumpsit, commenced in the Logan Circuit Court, on the 21st day of August, 1857, by the defendant in error against the plaintiff in error and others, on a promissory note, by filing of præcipe, directing clerk to issue two writs of summons: One for George Michael and Elijah Wicklin, trading under the name and style of Michael & Wicklin, directed to the sheriff of Logan county, and one for Richard T. Gill, directed to the sheriff of Cook county.

On same day summons issued, in the words and figures set out in the opinion.

And said summons was returned by the sheriff of Cook county, "served by reading" as to said Gill, and "not found" as to the other defendants.

On the 21st of August, a declaration in the usual form was filed, with copy of instrument sued on, attached.

And at September term, 1857, the Logan county Circuit Court rendered a judgment against said plaintiff in error by default, for the sum of $530.84, and ordered the cause to be continued, and *scire facias* to issue against the other defendants.

And on the 3rd day of February, 1858, a *scire facias* issued from said court against the said George Michael and Elijah Wicklin, directed to the sheriff of Logan county, and was by the said sheriff returned as follows:

"Executed this writ February 22nd, 1858, by reading to the within named Elijah Wicklin — Michaels not found in the county."

And on the 15th day of March, 1858, judgment was entered against said Wicklin.

SWETT & ORME, for Plaintiff in Error.

LINCOLN & HERNDON, for Defendant in Error.

CATON, C. J. We are asked in this case to reconsider the question decided in *Orendorff* v. *Stanberry,* 20 Ill. R. 90. The judgment was rendered against Gill, the plaintiff in error, by the Logan Circuit Court, upon a summons issued by the clerk of that court, as follows:

"THE STATE OF ILLINOIS, } *sct.*
LOGAN COUNTY. }

*The People of the State of Illinois to the Sheriff of* COOK *County:*

We command you that you summons George Michael and Elijah Wicklin and Richard T. Gill, if they shall be found in *your* county, personally to be and appear before the Circuit Court of *said* county, on the first day of the next term thereof, to be holden at the Court House in Lincoln, on the third Monday in the month of

Gill, impl., etc., *v.* Hoblit.

September next, to answer Samuel Hoblit in a plea of assumpsit, to his damages, $600, as he saith : and have you then and there this writ, and make return thereon in what manner you execute the same.

Witness J. C. Webster, Clerk of our Circuit Court at Lincoln, [SEAL.] this 21st day of August, in the year of our Lord one thousand eight hundred and fifty-seven.

TESTE : J. C. WEBSTER, Clerk of Circuit Court."

This summons was returned by the sheriff of Cook county served on Gill; the other defendants not found. Where was the defendant below commanded to appear and answer the complaint of the plaintiff ? The summons was directed to the sheriff of Cook county, who was commanded to summon the defendants, if they should be found in his county, to appear before the Circuit Court of said county, at the court house in Lincoln. There can be no dispute that the county of the sheriff to whom the summons was directed, was Cook county. In that county he was commanded to search for the defendants, and if found there, to summon them to appear before the Circuit Court of that county. If the sheriff obeyed the command of the writ, he summoned Gill to appear before the Circuit Court of that county. His return shows that he served the writ as he was commanded by it. Had he summoned the defendant to appear before the Logan Circuit Court, he would have disobeyed the mandate which he had received, and for that reason the act would have been void. Where then was the defendant bound to appear ? Not in Logan county surely, for he was not required to go there, but before the Circuit Court of Cook county, to be holden at Lincoln, and when he could find no such place in that county, he was not bound to seek another court in a different county. It was not a matter of doubt even, as was urged upon the argument, whether he should appear before the Cook or the Logan Circuit Court, which doubt he was bound to solve by hunting up Lincoln, in Logan county, and there appearing. He was no more bound to go into Logan county than he was into Peoria. He was bound to obey the summons, or if that was impossible, he was bound to do nothing. But the summons was in fact void, for it contained a mandate to the defendant which he was not bound to obey, and which, in fact, it was impossible for him to obey. We adhere to our former decision, and reverse the judgment and remand the cause.

*Judgment reversed.*