*W. E. Niblack* and *W. H. De Wolf*, for appellant.

*J. G. Jones*, for appellees.

---

## HOLLINGSWORTH v. PICKERING.

CREDIBILITY OF WITNESSES.— PRACTICE.—It is the exclusive province of the jury to determine the credibility of witnesses, and the Supreme Court will not examine into their action for the purpose of disturbing the verdict.

AWARD.—An award which is indefinite and uncertain, and incapable of being made certain, is void.

APPEAL from the *Howard* Circuit Court.

ELLIOTT, C. J.—This was a suit by *Pickering*, the plaintiff below, against *Hollingsworth*, the appellant, to recover in damages the consideration paid by the former to the latter for a tract of land in the state of *Iowa*, on the ground that, at the time of the sale and conveyance,

*Hollingsworth* falsely represented to *Pickering* that the land was situated in a particular locality, (which is stated,) and that it was all good, dry, plow land, and that, if not as represented, he would take it back and refund the $600, the price paid for it, with interest.

The complaint avers that the land is not situated as represented, and that the whole of it is a swamp covered with water, and of no value whatever; and that, before bringing the suit, he, *Pickering*, tendered to *Hollingsworth* a deed reconveying to him the land, and demanded the purchase money, with interest, which *Hollingsworth* refused to pay.

An answer was filed to the complaint in two paragraphs:

1. General denial.

2. That the same cause of action mentioned in the complaint, by agreement of the parties, had been submitted to the arbitrament of twelve persons, and that they had heard the matter, and rendered their award in writing, in favor of said plaintiff below, and against said *Hollingsworth*, for the sum of $100, which sum he was ready and willing to pay.

A demurrer to this paragraph of the answer was filed, and overruled by the court, and the plaintiff then replied by a denial.

There was a trial by jury, and a verdict for the plaintiff. A motion for a new trial was overruled, and judgment rendered on the verdict.

Two questions are presented for our consideration:

1. Is the verdict of the jury, under the issue formed by a denial of the complaint, sustained by the evidence?

2. Is the award set up in the second paragraph of the answer valid, or is it void for uncertainty?

The evidence is in the record. It is very conflicting in regard to the alleged representations as to the locality and quality of the land sold by *Hollingsworth* to *Pickering*, in *Iowa;* but the evidence of *Pickering*, if taken as true, fully

sustains the complaint on those points. It is directly contradicted by the testimony of *Hollingsworth*. It was, therefore, a question of credibility between the witnesses, which it was the exclusive province of the jury to determine, and we cannot examine it for the purpose of disturbing the verdict.

The second question, however, merits a more extended consideration.

Copies of the agreement of submission, and of the award of the arbitrators under the same, were filed with the second paragraph of the answer, and thereby made a part of the record. The originals were given in evidence on the trial, and other evidence was also given, which is uncontradicted and unimpeached, by which it is clearly shown that this suit is founded upon the same subject matter and claim submitted to and passed upon by the arbitrators. If the award was a valid one, it was final between the parties, and constituted a good bar to the present action; and if so, the finding of the jury was clearly wrong, and the court below should have granted a new trial. But if, as contended by the appellee, the award is void for uncertainty, apparent on its face, the court below erred in overruling the demurrer to the second paragraph of the answer, as it constituted no defense to the action; and, in that event, the appellant has no cause to complain that a correct result was reached by the verdict of the jury.

The following is a copy of the agreement of submission under which the award was made:

"Know all men concerned, that we, the undersigned, have this day submitted to the judgment of" (here follow the names of the twelve arbitrators,) "a matter of difference between us, arising out of a certain agreement made by and between us, in the autumn of the year 1858, wherein *Phineas Pickering* claims of *Isaac Hollingsworth* seven

hundred and eighty (780) dollars. Now, therefore, we do hereby agree to submit said matter of difference between us to the above named friends, for their final decision, pledging ourselves to abide their judgment therein.

[Signed,]  PHINEAS PICKERING,
ISAAC HOLLINGSWORTH.

10th mo., 3d, 1862."

The award given in evidence reads thus :

"We, the arbitrators to whom the matters of difference between *Isaac Hollingsworth* and *Phineas Pickering* were this day submitted, submit as our award, that *Isaac Hollingsworth* pay *Phineas Pickering* one hundred dollars, within thirty days from this date. Also, pay the difference between the tax receipt and the note that *Phineas* holds against him. [Signed by the twelve arbitrators.] 10 mo., 3d, 1862."

The matter submitted to the arbitrators was a difference between the parties, arising out of a certain agreement between them, made in the autumn of the year 1858, in which *Pickering* claimed of *Hollingsworth* $780; and we must infer, in the absence of a showing to the contrary, that the note and tax receipt related to the agreement and the matter of difference between the parties, and was, therefore, a proper matter for the arbitrators to pass upon. The note and tax receipt are not set out in the award, nor do they accompany it; they are not even referred to by date or amount so that they can be identified, or the difference between them ascertained. The award, therefore, is indefinite and uncertain, and incapable of being made certain, and, for that reason, must be held to be void. *Parker* v. *Eggleston*, 5 Blackf. 128; *Hays et al.* v. *Hays*, 2 Ind. 28. It did not constitute a defense to the action, and the judgment must, therefore, be affirmed.

The judgment is affirmed, with 1 per cent. damages, and costs.

*Linsday & Lewis*, for appellant.

*H. A. Brouse*, *T. A. Hendricks* and *O. B. Hord*, for appellee.