GEORGE W. SHAW

*v.*

SAMUEL H. ALLEN.

*Opinion filed February 19, 1900.*

1. LACHES—*when owner is not chargeable with laches in removing cloud on title.* The legal owner of land in possession thereof is not chargeable with *laches* in not seeking to remove a cloud on her title which was created after she obtained title and took possession, and of which she had no knowledge until she sold the property, when she at once took steps to remove it.

2. CLOUD ON TITLE—*void sheriff's deed may be removed as a cloud.* A bill in equity will lie to remove as a cloud on title a void sheriff's deed, where such deed is upon record and purports on its face to be a valid conveyance.

*Shaw* v. *Allen,* 85 Ill. App. 23, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Henry county; the Hon. W. H. GEST, Judge, presiding.

GEORGE W. SHAW, *pro se.*

DUNHAM & FOSTER, for appellee.

Per CURIAM: In deciding this case the Appellate Court delivered the following opinion:

"This was a bill in chancery filed on September 21, 1898, in the circuit court of Henry county, by appellee, against appellant, for the purpose of moving a cloud from his title to certain lands in that county.

"The bill, as amended, charges that appellee acquired a fee simple title to the premises of one Riley J. Brown on the 20th day of March, 1895, and that he has ever since been in the open and exclusive possession thereof; that said Riley J. Brown had been the absolute owner and possessor thereof from 1875 until she conveyed the same to appellee, as aforesaid; that on the 21st day of August, 1880, the sheriff of said county executed to ap-

pellant a deed of conveyance of the said premises, which was duly recorded, purporting to have been executed in pursuance of a sale by the sheriff by virtue of an execution issued upon a judgment against one John M. Brown in a suit against him by one Isaac Callender; that when said judgment was rendered, and for a considerable time prior thereto, said Riley J. Brown was the sole and absolute owner and possessor of said premises, and continued such sole owner and possessor thereof until she conveyed the same to appellee, as above stated; that said John M. Brown did not, at the time said judgment was rendered, have, and has not since had, any interest or title to said premises, or any part thereof; that said sheriff's deed is a cloud upon appellee's title to said premises and depreciates the value thereof; that appellant has been requested to remove said cloud, but refused and still does refuse so to do; that said Riley J. Brown had no knowledge whatever of the sale upon said execution or of said sheriff's deed to appellant until she conveyed the premises to appellee; that appellee, with her consent, withheld, and still withholds, $500 of the purchase money to indemnify him from all loss, costs and expenses in prosecuting a bill in chancery to remove the cloud from his title. In conclusion there is a prayer that said deed to appellant be declared void as a cloud upon appellee's title and canceled. The appellant demurred to the bill generally and specially. The special causes of demurrer assigned were, that the bill showed such *laches* on the part of appellee and his grantor as to bar him from equitable relief, and that appellee's remedy was at law. The demurrer was overruled, and appellant having abided by it, a decree *pro confesso* was entered against him, setting aside his said deed as a cloud upon said title and for costs of suit.

"It is contended by appellant that appellee is barred by *laches* from maintaining his bill. As the case was heard upon the bill and demurrer thereto, all the material facts

stated therein and well pleaded are to be taken as absolutely true. From the bill it appears that Riley J. Brown was in possession of the premises in question from 1875 until 1895, when she conveyed the same to appellee, and that she never knew of the sheriff's deed to appellant until she made such conveyance, at which time she made arrangements to procure the removal of said sheriff's deed as a cloud upon her title. It also appears that appellee has been in possession of said premises since he purchased the same, in 1895. It is not necessary for the legal owner of real estate in possession of the same to continually watch the records to ascertain whether, since he acquired his title and went into possession, any other person has filed some paper title to or lien upon the same, in order that he may bring suit to remove such cloud. Such owner in possession may rest in security until his title is attacked, and until this is done *laches* will not run against him. (*Boyd* v. *Boyd*, 163 Ill. 611; *Newell* v. *Montgomery*, 129 id. 58; *Orthwein* v. *Thomas*, 127 id. 554; *Bush* v. *Stanley*, 122 id. 406.) But even if the doctrine of *laches* could be invoked against a person in possession, none could be charged to Riley J. Brown, because she had no knowledge of the existence of said deed to appellant until she sold the premises, when she at once made arrangements to have the cloud upon the title removed. Nor was appellee guilty of *laches*, as he commenced his suit in a reasonable time, under the circumstances, after he acquired title.

"Appellant further contends that appellee is not entitled to maintain his bill for the reason that the sheriff's deed to him does not constitute even a cloud upon appellee's title to said premises, and that therefore there is no need of the intervention of a court of equity to remove it. The authorities, however, do not sustain the position of appellant. It would be manifestly unjust and inequitable to permit him to defeat this action on the ground that his deed is not a cloud upon appellee's title, while at the

same time the deed is permitted to remain of record substantially unchallenged.    The language of the Supreme Court in the case of *Reed* v. *Tyler*, 56 Ill. 288, is appropriate here.    It is there said in reference to a void tax deed: 'The deed is good on its face.    Its presence on the record would be likely to have the effect to deter from the purchase and impair the market value of the land.    It is useless in the hands of the holder except as a means of annoyance and extortion, and it seems a fit case for the interposition of the power of a court of chancery to deprive the instrument of its means of mischief by its cancellation.'

"The case of *VanDorn* v. *Leeper*, 95 Ill. 35, was very similar to the case at bar.    In that case appellee filed a bill to remove a cloud upon the title of her real estate, created by the sale of the premises on an execution against her husband, and the Supreme Court sustained a decree setting the sale aside and declaring it null and void.

"In *Hodgen* v. *Guttery*, 58 Ill. 431, it was held that equity would entertain jurisdiction, at the instance of the owner in fee of lands, to remove a cloud upon his title, created by a sale of the premises, and a deed thereunder, under a decree of foreclosure of a mortgage thereon, although the decree and deed were as to him void. It is there said: 'The decree being void as to appellee in the former suit, and he not being liable to pay or the land not being chargeable with the mortgage, has appellee any right to maintain this bill?    We think he clearly may to remove a cloud on his title.    Here is a decree void as to him, it is true, and a sale and deed made under the decree equally void; but still, it is such as to deter some and render others doubtful in the purchase of his title. It is calculated to materially impair the price of the land if put upon the market, as all persons would expect that it would lead to litigation, costs and vexation.    It for that reason is such a cloud as authorizes a court of equity to entertain jurisdiction for its removal.'

"The bill in this case clearly presented facts which, under the above authorities, entitled appellee to maintain his suit to remove appellant's deed as a cloud upon his title. The decree of the court below will therefore be affirmed."

We concur in the foregoing views and in the conclusion above announced. Neither party raises the question whether a freehold is involved. Accordingly, the judgment of the Appellate Court is affirmed.

<em>Judgment affirmed.</em>