### BLAKEMORE v. JOHNSON

No. 14.   Opinion Filed July 13, 1909.

(103 Pac. 554.)

1. **APPEAL AND ERROR—Review—Findings of Fact of Master.** The legal presumption, where the evidence is conflicting, is that the findings of fact of a master in chancery are correct, and his report will not be set aside, unless it appears with reasonable clearness that he has fallen into a mistake of fact.

2. **INDIANS—Surplus Allotment—Conveyance.** A deed of conveyance, executed by a minor Creek freedman on April 25, 1904, whereby she attempts to convey her surplus allotment, is absolutely void by reason of the provisions of section 16, Act June 30, 1902, c. 1323, 32 Stat. 503.

3. **ESTOPPEL—Pleading.** Estoppel in pais, in order to be relied upon as a defense in equity, must be pleaded in the answer.

4. **INDIANS—Deed by Minor—Action to Set Aside—Return of Consideration.** A minor Creek freedman, on attaining her majority, may maintain an action in equity to cancel, set aside and remove as a cloud upon her title a void deed executed by her during her minority without offering to restore the consideration, where such consideration never reached her hands, or was immediately paid

over to one with whom she was illegally cohabiting, and was never returned to her, and was not in her possession when she attained her majority.

(Syllabus by the Court.)

*Appeal from the United States Court for the Western District of the Indian Territory, at Muskogee; William R. Lawrence, Judge.*

Action by Cora Johnson against Frank P. Blakemore. Judgment for plaintiff, and defendant appeals. Affirmed.

This action was brought by appellee in the United States Court for the Western District of the Indian Territory at Muskogee to have declared void and canceled a certain warranty deed executed by her to appellant. She alleges in her petition that she is a native-born citizen of the Creek Nation, and that on or prior to the 25th day of April, 1904, she was the owner of the N. E. ¼ of section 4, township 13 N., range 16 E.; that she was the owner of said land by reason of it having been allotted to her as a member of the Creek Nation. She alleges that on or about the 25th day of April, 1904, appellant and one M. C. Wilson conspired together to defraud her of said lands, and that they persuaded and induced her to execute to appellant what she believed to be a mortgage on her surplus allotment to secure the payment of the sum of $840, but which in truth was a deed conveying to appellant the land above described. She alleges that she was wholly unaware that the instrument she signed was a warranty deed; that she relied solely on the false representations of the appellant and Wilson, and was induced to sign the deed by reason of their false representations; that at the time she signed and executed the deed, she was a minor, being then 16 years of age; that she was wholly ignorant of business matters, and was scarcely able to read and write, and that by reason of said conditions, and relying on appellant and said Wilson, and believing the deed to be a mortgage, she executed it. She alleges that she received no consideration for the land whatever, and

Vol. 24—35

that whatever consideration appellant paid was given to Wilson, and that no part of it was ever received by her; that she has now attained her majority, but that she has not, since her majority, ratified the deed, but on the contrary, has expressly repudiated it.

Appellant by his answer admits that on the 25th day of April, 1904, appellee owned the land described in her petition. He denies, however, generally and specifically, all other allegations of her petition, except that she signed and executed to him on said date a warranty deed, whereby she conveyed to him the land in controversy. He avers that she was, on the 25th day of April, 1904, an adult, and that at said time she was the wife of M. C. Wilson, and that there had been born to them a child; that she executed the deed well knowing that the same was a deed, and not a mortgage, and that the consideration paid by him was the full market value of the land, and was paid to her, except a small sum that she directed the appellant to pay to others in payment of another person's indebtedness.

The cause was referred to the master in chancery to report his findings of fact and conclusions of law, and the master, upon all issues of fact upon which a finding was made, found in favor of the appellee, and recommended that she have judgment declaring her to be the owner of the land in controversy, and that the deed executed by her to appellant be declared void and canceled. A more detailed statement of the master's report will be made in the opinion. This report was confirmed by the court, and judgment rendered thereon prior to the admission of the state. From that judgment this appeal has been perfected since the admission of the state.

*Walrond & Cramer*, for appellant, citing: A. & E. Enc. Law, vol. 10, pp. 671, 672; *Sims v. Everhardt*, 102 U. S. 300; Pomeroy's Eq. Juris., §§ 815, 945; *Craig v. Van Bibber* (Mo.) 18 Am. St. Rep. 692.

*S. V. O'Hare* and *R. E. Grason*, for appellee, citing: 16 Cyc.

810 *et seq.; Withe v. Salem,* 30 Fed. 88; *McKyring v. Bull,* 16 N. Y. 297; Pomeroy on Code Remedies, pp. 706, 707, 765, 789; *Byers v. Fowler,* 12 Ark. 218; *Supreme Tent Maccabees v. Stensland,* 105 Ill. App. 267; *Reed v. Cole* (Va.) 45 S. E. 868; *Farrar v. Churchill,* 135 U. S. 609; *Henry v. Dennis* (Me.) 85 Am. St. Rep. 365; *Railroad Co. v. Higgins,* 44 Ark. 293; *Walsh v. Young,* 110 Mass. 396; *Englebert v. Pritchett,* 26 L. R. A. 177; *Tucker v. Moreland,* 10 Pet. (U. S.) 73; 16 Cyc. 441.

HAYES, J. (after stating the facts as above). Appellant's contentions may be epitomized as follows: First, that the master erred in finding that appellee was a minor on the 25th day of April, 1904, the date on which she executed the deed in controversy; second, that the master erred in omitting to find that appellee, at and before the execution of the deed, misled plaintiff by falsely representing and stating to him that she was then 18 years of age; third, that the court erred in refusing to sustain his exceptions to the master's report, and in refusing to re-refer the cause to the master for his findings as to whether appellee made, at the time of the sale, misrepresentations as to her age; fourth, that the court erred in decreeing a cancellation of the deed, without requiring appellee to return the consideration appellant had paid her for the land.

We have carefully read every word of the evidence bearing upon the age of appellee at the time she executed the deed to appellant. The evidence supporting the allegation of her petition to the effect that she was, at the time she executed the deed, a minor consists of her testimony, and the testimony of her mother and of another woman who was present at the birth of appellee. The testimony of all these witnesses is that she was 16 years of age at the time she executed the deed. Their testimony is not controverted by any one, and is without conflict, except evidence introduced by appellant which shows that appellee, prior to the execution of said deed, had stated to appellant and to other persons that she was then 18 years of age, but she testified that all those

statements as to her age were made under coercion and threats of one Wilson, with whom she was then unlawfully cohabiting. Upon this state of the evidence, the master made his findings. The legal presumption, where the evidence is conflicting, is that the findings of the master are correct, and his report will not be set aside, unless it appears with reasonable clearness that he has fallen into a mistake of fact. *Guarantee Gold Bond Loan & Savings Co. v. Edwards et al.,* 164 Fed. 809, 90 C. C. A. 585. It does not appear with reasonable clearness that the master has fallen into mistake as to the age of appellee. On the other hand, his findings relative thereto are supported by the preponderance of the evidence.

We shall consider appellant's second and third contentions together. Appellee is a Creek freedman, and the land attempted to be conveyed by her under deed of April 25, 1904, to appellant constitutes her surplus allotment. Section 4 of the treaty between the United States and the Creek Nation, approved by the President of the United States March 1, 1901, and ratified by the Creek Nation on March 1, 1901, c. 676, 31 Stat. 861, provides:

"Allotment for any minor may be made by his father, mother, or guardian, in the order named, and shall not be sold during his minority."

Section 16 of the act to ratify and confirm a supplemental agreement with the Creek Indians, approved June 30, 1902, c. 1323, 32 Stat. 500, provides:

"Lands allotted to citizens shall not in any manner whatever or at any time be incumbered, taken, or sold to secure or satisfy any debt or obligation nor be alienated by the allottee or his heirs before the expiration of five years from the date of the approval of this supplemental agreement, except with the approval of the Secretary of the Interior. * * * Any agreement or conveyance of any kind or character violative of any of the provisions of this paragraph shall be absolutely void and not susceptible of ratification in any manner, and no rule of estoppel shall ever prevent the assertion of its invalidity."

These treaty provisions were in force at the time of the execution of the deed by appellee. The Indian appropriation act, ap-

proved April 21, 1904, c. 1402, 33 Stat. 204, removed all restrictions on lands of allottees of either of the Five Civilized Tribes of Indians (among whom were the Creeks) who were of full age and not of Indian blood, except as to homesteads. This act removed all restrictions upon the alienation of the surplus allotment of an adult Creek freedman, but it left the provisions of section 16 of the supplemental treaty of 1902 in so far as it applies to minors in full force and operation, and the deed made by appellee to appellant was absolutely null and void. *Colbert v. Alfrey et al.* (C. C. A.) 168 Fed. 231.

Appellee does not seek to disaffirm and avoid a voidable deed, for her deed from its execution has been without any legal force whatever. She seeks by this action to have it canceled, and removed as a cloud upon the title to her land. This relief a court of equity can give her. *Day Land & Cattle Co. v. State,* 68 Tex. 526, 4 S. W. 865; *Shaw v. Allen,* 184 Ill. 77, 56 N. E. 403; *Field v. Holbrook,* 14 How. Prac. (N. Y.) 103; *Haskell et al. v. Sutton et al.,* 53 W. Va. 206, 44 S. E. 533; *Hays v. Hays,* 2 Ind. 28. But appellant insists in this court that appellee is estopped by her conduct in falsely representing to him, at the time of the sale of the land by her to him, that she was then of lawful age, and had the capacity to contract with him, whereby she obtained from him a valuable consideration for the land, which she has not offered in this action to return, to declare that she was not of lawful age at that time. Appellant, however, in his answer, as previously stated, did not set up this matter as a defense. His answer is one of general denial only. No request was made of the master in chancery to find whether any false and fraudulent representations had been made by appellee in the transaction. Such issue was not presented to the master by the pleadings. Appellant, in his exceptions to the master's report, requested the court to re-refer the case to the master to find upon such contention, but no leave was asked by him to amend his answer so as to make the defense of estoppel an issue in the case. The master found upon all the issues made by defendant's answer in so far as they affected appellant's rights. Equi-

table estoppel, or estoppel *in pais,* can only be availed of as a defense by being pleaded. At common law estoppel *in pais,* in order to be available, did not have to be pleaded, but under the ·Code system, the great weight of authority is that such defense is not available, unless the facts constituting it are specially pleaded. 9 Ency. of Pl. & Pr. p. 7; 16 Cyc. 806. This is the rule in Arkansas, from which state the Code in force in the Indian Territory at the time of the trial of the case at bar in' the court below was adopted. *Gaines v. Bank of Mississippi,* 12 Ark. 769.

Section 5033 of Mansfield's Digest of the Statutes of Arkansas, in force in the jurisdiction where this case arose and was tried, provides that the answer shall contain:

"First. * * * Second . A denial of each allegation of the complaint controverted by the defendant or any knowledge or information thereof sufficient to form a belief. Third. A statement of any new matter constituting a defense, a counterclaim or set-off."

These provisions occur in the same or similar form in the Codes of nearly all the states. Under a similar statute it was held, by the Supreme Court of California, in *Newhall v. Hatch et al.,* 134 Cal. 269, 66 Pac. 266, 55 L. R. A. 673, that an estoppel *in pais,* arising from the conduct and representations of 'the plaintiff in an action, is a new matter, and that the facts constituting it must be specially pleaded in the answer in order to be relied upon as a defense. In *Hilton v. Colvin,* 25 Ky. Law Rep. 1808, 78 S. W. 890, evidence was introduced without objection which tended to establish an estoppel, but the court held that, in the absence of pleadings by which the issue of estoppel was set up, defendants could not· avail themselves of such evidence, and that such evidence could not be made the basis of the judgment. In *Jones & Co. v. Peebles,* 130 Ala. 269, 30 South. 564, Mr. Justice Tyson said:

"However variant may be the rule in cases at law, and divergent the views of courts of last resort as to what it should be, all the courts, with few exceptions, seem to entertain the opinion that in equity, where an estoppel is relied upon for relief or as a defense, the bill or answer must allege the facts upon which the

estoppel is predicated. The principle upon which this rule is founded is that evidence relating to matters not stated in any pleading cannot be made the foundation of a decree. It is necessary, therefore, to introduce 'into the bill every material fact which the plaintiff intends to prove. The same rule applies to the answer, and a defendant cannot avail himself of any matter in his defense which is not stated in his answer, though it appears in his evidence.' "

In that case defendant, as in the case at bar, endeavored in the appellate court to rely upon an equitable estoppel which had not been pleaded by him in his answer, but as to which some evidence had been introduced at the trial. The court supports its conclusion in the language above quoted, with numerous authorities. See, also, *Mabury v. Louisville & J. Ferry Co. et al.,* 60 Fed. 645, 9 C. C. A. 174. We are not unaware that the Court of Appeals of the Indian Territory, in *Perry Bros. v. Farrimond,* 5 Ind. T. 59, 82 S. W. 674, held that an equitable estoppel may be successfully invoked without being pleaded. The decision of that court is highly persuasive, but that court was not the highest appellate court for the review of cases arising in that jurisdiction, and its decisions, therefore, are not conclusive upon us, and we are inclined to think that, in so far as the rule laid down in that case is contrary to the conclusions we here reach, it is against the weight of authorities, and should not be followed by us. The Supreme Court of the territory of Oklahoma, under the Code in force in the territory prior to the admission of the state, and now in force in this jurisdiction, uniformly followed the rule that acts, representations, and conduct relied upon as an estoppel must be specially pleaded before they could be availed of as a defense. *Tonkawa Milling Co. v. Town of Tonkawa,* 15 Okla. 672, 83 Pac. 915; *Deming Inv. Co. v. Shawnee Fire Ins. Co.,* 16 Okla. 1, 83 Pac. 918, 4 L. R. A. (N. S.) 607.

It may be suggested that our conclusions herein, holding that the rule applicable to pleadings wherein a plea of equitable estoppel is sought to be availed of, are in conflict with the expressions of this court in *International Land Co. v. Marshall,* 22 Okla. 693,

98 Pac. 951, 19 L. R. A. (N. S.) 1056. In that case, as in the case at bar, plaintiff, who was a minor citizen of the Creek Nation, sought to have canceled a deed executed by him to defendant, conveying his surplus allotment. Defendant alleged in his answer that plaintiff had falsely and fraudulently represented to him, at the time of the transaction, that he was of lawful age, and that he relied upon his representation, and was induced thereby to enter into the contract, and to pay the plaintiff a valuable consideration for the land purchased. Defendant pleaded every necessary averment to constitute an equitable estoppel. Mr. Justice Williams, speaking for the majority of the court, held that a court of equity would not lend its jurisdiction to plaintiff to cancel for him the deed he had given defendant, although it be void, for the reason that he had misled defendant by his fraud and deceit. In so holding he stated that the doctrine of estoppel did not apply, and cited sections 16 and 17 of the act of Congress, approved June 30, 1902, c. 1323, 32 Stat. 503, 504. We think the language in that opinion may be misleading to the extent that it may convey the impression that the doctrine of estoppel was in no manner invoked therein or applied by the court. The language used, when read in connection with the statute cited, will indicate what should have been more specifically expressed in the opinion; that is, that the doctrine of estoppel, in so far as it would prevent the plaintiff from setting up title to the land conveyed by him, or recovering possession thereof in any action at law, did not apply because the statute cited specifically provides that any agreement or conveyance, made in violation of the provisions of that act, shall be absolutely void, and no rule of estoppel shall ever prevent the assertion of its invalidity. The court, however, in that case did apply the doctrine of estoppel as to remedy to the extent that it held that plaintiff had, by his acts, precluded himself from the right to come into a court of equity and invoke its aid to have canceled the conveyance that he, by his fraudulent acts, had induced the defendant to accept and pay a valuable consideration therefor, without restoring to the

defendant the consideration he had received. The contrary doctrine has been subsequently held by the United States Circuit Court of Appeals for the Eighth Circuit in *Colbert v. Alfrey et al., supra,* wherein the facts were very similar to the facts in *International Land Co. v. Marshall.* But the issue presented by the pleadings and evidence in those cases upon this question is not presented by the pleadings in this case, and we are therefore not called upon to determine whether we shall adhere to the rule in the Marshall Case.

We are now brought to appellant's last contention, which, under the facts found by the master, is: May one, who has attempted by a void deed during his minority to convey his land, on attaining his majority have such deed canceled, and the cloud thereby created upon his title removed, by a proceeding in a court of equity for such purpose, without returning the consideration received by him from the grantee, where it is not shown that he has such consideration? Contracts of infants are, as a rule, voidable only, and not void; but the deed in the case at bar is void by reason of specific provision in the statute making it so. In those cases where the contracts of infants are voidable only, there is some conflict among authorities as to whether the infant who, on attaining his majority, attempts to disaffirm and avoid his contract must return the consideration received by him whether he possesses the same or not. Some of the earlier cases made no distinction in the requirements upon the infant in this respect, based upon whether he possessed the consideration at the time he attained his majority and was able to return it, or whether he had disposed of it, or for other reasons was unable to return it, and refused, on proceedings in equity brought for the purpose of avoiding the contract, to grant him relief where no return of the consideration received was offered; but there is also another line of decisions among the early authorities, which holds that, to disaffirm and avoid such contracts, the infant should be required to return only such part of the consideration as was in his possession at the time of attaining his majority.

This rule seems to be the rule most generally followed by the courts, and under it an infant is not defeated in his effort to disaffirm and avoid his contracts by his inability to return the consideration received by him. *Eureka v. Edwards,* 71 Ala. 248, 46 Am. Rep. 314; *Railway Co. v. Higgins,* 44 Ark. 293; *MacGreal v. Taylor,* 167 U. S. 688, 17 Sup. Ct. 961, 42 L. Ed. 326.

It will serve no useful purpose to extend this opinion by an extensive review of the authorities upon this question. Those interested in the subject may find the authorities well collected in a note to *Engleburt v. Pritchett,* 26 L. R. A. 177. The rule now generally followed by the courts is in harmony with the purpose of the law in providing that an infant may avoid his contract upon attaining his majority. The purpose of the law is to protect the infant against his immaturity, weakness, and indiscretion. If, because of his immaturity of judgment and his indiscretion, an infant, who executes a voidable contract, spends and dissipates the consideration received therefor, is thereby deprived of the right to avoid his contract, the very evil the law seeks to protect him against becomes the means of defeating the purpose of the law.

Appellee alleges in her petition that she never received any of the consideration paid by appellant for the land, and that whatever consideration was given by him was paid to one M. C. Wilson, and no part of the same was ever by the said M. C. Wilson paid to appellee. Her testimony in the court below was to the effect that the money paid as consideration was received by Wilson, and that none of the same was ever given to her. There is evidence on the part of appellant that a portion of the consideration was paid in checks or drafts, payable to the order of appellee, but an examination of the evidence discloses that all of this consideration passed into the hands of Wilson, and, according to the evidence of appellee, which is not controverted upon this point, was never returned to her, with the exception of a small sum, which was paid under the direction of appellee to one Allen in settlement of indebtedness of appellee's mother to

Allen. There is no evidence whatever in the record tending to show that the consideration, or any part thereof, remained in the possession of appellee at the time of the trial of the action in the court below, or at the time of her attaining her majority. On the other hand, the evidence establishes that such of the consideration as came into her hands in the form of checks or drafts at the time of this transaction was immediately taken charge of by Wilson, or was paid out on the indebtedness of appellee's mother, and none of the consideration was in her possession, except temporarily. Where the consideration never reaches the hands of the infant, he is not required to restore the same before disaffirming and avoiding his contract. *Stull v. Harris,* 51 Ark. 294, 11 S. W. 104, 2 L. R. A. 741; *Monumental Bldg. Ass'n v. Herman et al.,* 33 Md. 128; *Thormaehlen v. Kaeppel,* 86 Wis. 378, 56 N. W. 1089.

Appellee by this action does not seek to set aside a voidable contract and reinvest herself with the title to the land which she has transferred. Her deed is void. The title has never passed from her. She seeks only to remove the cloud from her title which her void contract has placed upon it. If a court of equity will set aside a voidable contract made by an infant, and reinvest him with the title with which he has parted under such contract, and will clear his title of the cloud made thereon by a voidable instrument, without requiring the return of the consideration, when such infant, on attaining his majority, has not the consideration in his possession, no good reason exists why such relief should not be granted to one whose contract is not voidable, but void.

Finding no error in the record which requires reversal, the judgment of the trial court is affirmed.

All the Justices concur.