Castle v. Clark—45 Ind. App. 192.

---

## CASTLE v. CLARK, ADMINISTRATRIX.

[No. 6,630.    Filed January 25, 1910.]

1. APPEAL.—*Record.—Complaint.—Paragraphs.—Failure to Present.*—Rulings upon the first paragraph of a complaint will not be reviewed, on appeal, where the transcript fails to show the filing thereof, and where such paragraph cannot be separated from the second. p. 193.

2. APPEAL.—*Record.—Instructions.—Questioning.*—Where the transcript merely shows the filing of certain instructions, their signature by the judge and by the appellant, but fails to show that such instructions were given at the trial, no reversible error is shown. p. 194.

3. APPEAL.—*Defective Record.—Amendments. — Certiorari. —*The Appellate Court is exceedingly liberal in permitting amendments to transcripts on appeal. p. 195.

4. APPEAL.—*Presumptions.*—The presumption, on appeal, is that the trial court committed no error. p. 195.

5. WITNESSES.—*Credibility.—Reputation for Morality.—Evidence.*—Evidence of a party's reputation for morality is admissible, in a civil case, as affecting his credibility, but such evidence should be explicitly confined to such purpose. p. 195.

6. APPEAL.—*Weighing Evidence.—Accounts.*—The Appellate Court cannot weigh conflicting evidence in an action on an account. p. 196.

From Lake Circuit Court; *Willis C. McMahon,* Judge.

Action by John M. Castle against Sarah Jane Clark, as administratrix of the estate of Perry D. Clark, deceased. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Bruce & Bruce,* for appellant.

*John B. Peterson* and *Schuyler C. Dwyer,* for appellee.

HADLEY, J.—This was an action brought by appellant against appellee on a claim against the estate of appellee's decedent. It is stated in appellant's brief that the complaint consisted of two paragraphs, the first being an itemized claim showing various transactions between the parties, and the second, an account stated in the usual form. A trial resulted in a verdict for appellee, and judgment was rendered thereon in accordance therewith.

Appellant filed a motion for a new trial, which motion was overruled. The overruling of this motion is the only error assigned.

Under this assignment, appellant seeks to present numerous questions on instructions given, on the admission of certain testimony, and alleges that the verdict was not sustained by sufficient evidence. Various objections to the record are pressed upon our attention by appellee, some of which 1. are necessary to be considered at the outset. It is stated in the briefs that the court instructed the jury that since there was no evidence supporting the first paragraph of complaint, the same was withdrawn from their consideration. The giving of this instruction is one of the questions presented. Appellee calls attention to the fact that the record does not show the filing of the first paragraph of complaint, and does not identify any portion of the transcript as being said first paragraph of the complaint. The beginning of the transcript is in the usual form, showing that certain proceedings were had at the court house in Crown Point, Lake county, on September 29, 1905, which

were entered of record in said cause, to wit: "Come now the parties hereto by their respective attorneys, and the plaintiff now files his second and additional paragraph of complaint herein in the words and figures following." Following this is a complaint on an account, stated in the usual form and duly verified. Immediately following this is a verified, itemized account. It has no heading. There is no showing that it was filed, or how it got into the transcript. Its general appearance and its position in the transcript would indicate that it was a part of said second paragraph of complaint. What it is and what relation it has to the pleadings, we have no authentic information; although it is stated in appellant's brief that this constitutes the first paragraph of the complaint. In this state of the record, we would not be warranted in passing upon any rights of the parties to this controversy brought in issue by said alleged first paragraph of complaint.

It is also insisted by appellee, that no question is presented on the instructions sought to be reviewed, for the reason that they are not properly presented by the record. It appears from the record that on February 12, 1906, the court instructed the jury, whether in writing or orally is not shown, and that on February 27 the court entered of record in said cause the following, to wit: "Now again come the parties by counsel, and thereupon instructions numbered one to eleven and signed by the court are now filed in open court, and the same are in the words and figures following, to wit." Following this entry is what appears to be a series of instructions of the court, numbered from one to eleven, at the bottom of which is attached the signature of W. C. McMahan, Judge. After this signature is the entry, that "the plaintiff thereupon excepts separately to instructions one, five and six, as given by the court." At the end of instructions one, five and six, respectively, the following appears: "The plaintiff, John M. Castle, hereby excepts to the giving of the above and foregoing instruction [number-

ing it], this 27th day of February, A. D. 1906, John M. Castle, by Bruce & Bruce, attorneys for plaintiff.''

This is all the record discloses as to the instructions. It will be observed that nowhere is there any record showing that any of said instructions were given to the jury at the trial. Neither is it shown that these were all the instructions given, nor whether said instructions were given at the request of either party, or by the court on its own motion; nor whether said instructions were requested by the appellee and refused by the court, or requested by appellant and given or refused by the court. Nor is it shown whether said instructions were oral or in writing. It certainly would not be claimed by the most liberal practitioner that this court would be warranted in reversing this cause upon either of the alleged instructions thus presented and questioned.

3. Appellee gave timely notice by her brief of these defects in the record, and this court is exceedingly liberal in permitting parties to correct their record, either by issuing writs of *certiorari* or authorizing amendments or corrections, as the case may be. Since this court can have accurate knowledge of what transpires in the lower court from the record alone, it follows that such record must explicitly set out such proceedings so that we can absolutely know that the court actually did the things complained of.

4. The presumption is, and very properly so, that the trial court did not commit error; and we cannot overthrow this presumption upon a bare statement of counsel, or inference not necessarily implied from the other portions of the record, and know that it performed an erroneous act that the record does not show was performed.

This leaves for our consideration two questions. At the trial of the cause, appellant appeared and testified as a witness.

5. Appellee, for the purpose of discrediting his testimony, then called witnesses to testify as to appellant's general reputation for morality in the neigh-

borhood in which he resided.    The admission of this testimony was objected to, upon the sole ground that this being a civil action, the character of appellant was not involved. This contention is true, except as affecting his credibility. The record discloses that the court admitted this testimony for the purpose for which it was presented, as affecting his credibility, and it was explicitly limited to this purpose. Under §529 Burns 1908, §505 R. S. 1881, the evidence was competent for this purpose as against the objections urged.

The other question presented is that the evidence is insufficient to support the verdict.    It is admitted by the parties that the verdict was rendered upon the paragraph of the complaint averring an account stated.    The evidence as to whether there was an account stated between the parties is unsatisfactory, as evidence in this class of cases usually is.    There was testimony from which it might be inferred that there was an account stated.    There were admissions of appellant, testified to by witnesses, that imply that no such account had been rendered or settlement had.    In this state of the evidence, it has been decided in many cases that this court will not interfere with the finding of the jury.    *Hollingsworth* v. *Pickering* (1865), 24 Ind. 435; *Nickey* v. *Dougan* (1905), 34 Ind. App. 601.

Judgment affirmed.