(No. 12717.—Reversed and remanded.)

E. G. HUTSON, Appellant, *vs.* C. B. HUDELSON, Appellee.

*Opinion filed June 18, 1919.*

1. MORTGAGES—*error in decree for foreclosure can be corrected only in direct proceeding.* Where the court has jurisdiction of the subject matter and the parties in a proceeding for foreclosure, any error in the decree, whether in the amount or in any other respect, can be corrected only by a direct proceeding to reverse it.

2. JUDICIAL NOTICE—*when fact that court has judicial notice will not charge individuals with the same knowledge.* The circuit court sitting in a certain county will take judicial notice that a certain city is the county seat of the county, and it will also take judicial notice of the official character of the officers of that county; but this rule does not go to the extent of holding that every individual who happens to be within the limits of the county has the same knowledge.

3. PROCESS—*defendant is entitled to definite notice in summons where he is to appear.* The defendant has a right to know definitely from the summons itself where he is required to appear when served, and a summons issued by a justice of the peace with a venue laid in the "State of Illinois, ............ county," requiring the defendant to appear at the office of the justice "in Benton, in said county," does not give sufficient notice and confers no jurisdiction of the person of the defendant.

4. RES JUDICATA—*a former adjudication must be pleaded in equity.* Where a former adjudication of a controversy is relied upon as a defense in equity it must be pleaded when an opportunity has been afforded to the defendant to plead it.

5. CLOUD ON TITLE—*laches cannot be charged against owner in possession for failure to remove cloud.* Laches cannot be charged against the owner of property in the undisturbed possession of it, for his failure to engage in litigation to remove unfounded claims as clouds upon his title.

6. SAME—*void sheriff's deed may be removed as a cloud—redemption.* A court of equity will entertain a bill to remove a void sheriff's deed as a cloud upon the title of the owner of real estate, but where the purchaser at the sale has in good faith redeemed from a prior foreclosure sale, the owner will be required, before he can have the void deed set aside, to reimburse the purchaser for the amount he paid to redeem from the foreclosure sale.

APPEAL from the Circuit Court of Franklin county; the Hon. JULIUS C. KERN, Judge, presiding.

D. G. THOMPSON, and W. P. SEEBER, for appellant.

W. F. DILLON, and THOMAS J. LAYMAN, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

E. G. Hutson filed a bill in the circuit court of Franklin county against C. B. Hudelson, which the court upon a hearing dismissed for want of equity, and the complainant has appealed.

The bill alleged that the appellant was in the possession of twenty acres of land, and that on June 4, 1909, the land was sold under a decree of foreclosure; that on February 17, 1910, the First National Bank of Benton, as the assignee of a mortgage subsequent to the one foreclosed, redeemed from the sale and afterward procured a decree of foreclosure of the junior mortgage, in which it was decreed that the complainant should be reimbursed for the redemption money out of the proceeds of the sale of the land, the total amount of the second decree of foreclosure being $1605.69. The land was sold by the master to the bank under the second decree of foreclosure. The bill avers that on November 14, 1908, W. F. Dillon and others obtained a pretended judgment against the appellant for $97.17 and costs before C. C. Payne, a justice of the peace of Franklin county. Without any affidavit being made, as required by statute, an execution was issued on November 18, 1908, which was not served on the appellant but was returned on

the next day "not satisfied," and on November 21, 1908, a transcript of the judgment was filed in the office of the circuit clerk and an execution was issued thereon on August 8, 1911; that the sum of $1770.64 was paid to the master in chancery to redeem from the sale under the decree of foreclosure and the sheriff levied the execution upon the land, which was sold by the sheriff under the execution to the appellee. It is further averred that the appellee was about to prosecute an action of forcible detainer against the appellant for the possession of the land. The bill was afterward amended, and it was averred that the transcript of the judgment of the justice of the peace was void for the reason that the summons did not show any venue and conferred no jurisdiction on the justice of the peace. The amended bill prayed for an injunction to restrain the defendant from prosecuting the forcible detainer suit; that the sheriff's sale under the execution issued on the transcript of the judgment of the justice of the peace, and the deed made pursuant to such sale, be set aside as clouds on the appellant's title; that the title to the land be quieted in the appellant, and that in any event the appellant might have the right to redeem from the sale under the execution. The answer of the defendant relied on the proceedings set up in the bill, which it denied were irregular and void but averred were legal, and that by virtue of them the defendant was vested with the fee simple of the premises in controversy. In regard to the proceedings under the judgment of the justice of the peace, the answer denied that they were void and averred "that the Appellate Court for the Fourth District of Illinois has adjudicated and held the said proceedings to be valid, and that said adjudication of the said Appellate Court has never been annulled, reversed or set aside and is still in full force and effect."

Objections were stated in the bill, and are relied on in the argument of the appellant, to the redemption from the sale under the decree of foreclosure of the first mortgage,

and questions are also raised in regard to the right of homestead and the different descriptions of the property in the various instruments, but these objections and questions are all immaterial. The erroneous proceedings, if there were any, occurred prior to the decree of foreclosure of the second mortgage, and the complainant cannot in this suit go back of that decree to correct errors which the court may have committed in rendering it. The second mortgage released the right of homestead. The court had jurisdiction of the subject matter and the parties, and any error in the decree, whether in the amount or in any other respect, can be corrected only by a direct proceeding to reverse it.

The appellant contends that the transcript of the judgment before the justice of the peace did not authorize the issue of an execution by the clerk of the circuit court, and that therefore the redemption and sale under the execution and the sheriff's deed are void. The transcript shows the following summons:

"STATE OF ILLINOIS, } *ss.*
.............*County.* }

"*The People of the State of Illinois, to any constable of said county.—Greeting:*

"You are hereby commanded to summon E. G. Hutson to appear before me, at my office in Benton, in said county, on the 14th day of November, A. D. 1908, at 9 o'clock A. M., to answer the complaint of W. F. Dillon, W. B. Martin, W. W. McCreery, F. H. Stamper, A. L. Copple and W. H. Moore for a failure to pay them a certain demand not exceeding two hundred dollars, and hereof make due return as the law directs.

"Given under my hand and seal this 9th day of November, A. D. 1908.                                    C. C. PAYNE, (Seal)
                                                    *Justice of the Peace.*"

Upon the summons appears the following return:

"Personally served the within writ by reading the same to the within named defendant, E. G. Hutson, this 11th day of November, A. D. 1908.                              W. R. STEWART, *Constable.*"

A judgment was rendered by default.

In *Orendorff* v. *Stanberry,* 20 Ill. 89, a summons bearing the venue of Tazewell county was issued to the sheriff

of Logan county commanding him to summon the defend-
ants to appear before the circuit court of said county on the
first day of the next term thereof, to be holden at the court
house in the city of Pekin on the second Monday of the
month of October next. The sheriff of Logan county re-
turned the writ executed by reading to the defendants and
a judgment by default was rendered against them. The
judgment was reversed, the court holding that the service
on the defendants in Logan county was void; that the de-
fendants had a right to know certainly when and where
they were required to appear when summoned, and that
the language of the writ left it doubtful which county was
intended. A like decision was rendered in a similar case
in *Gill* v. *Hoblit,* 23 Ill. 473, and the validity of the rule
was recognized in *Hall* v. *Davis,* 44 Ill. 494, though the
writ in that case was different and the validity of the sum-
mons and service was upheld. So in *Moore* v. *Neil,* 39 Ill.
256, a notice by publication in a newspaper published in
Shelby county that an administrator would present a peti-
tion to sell land to pay the debts of his intestate at the next
term of the Shelby circuit court, to be holden at the court
house in Shelbyville on the fourth Monday in the month
of May next, was held to be a sufficient designation of the
county. In the latter case there was no confusion as to the
county, no mention of two counties, and the designation of
the Shelby circuit court to be holden at the court house in
Shelbyville indicated the court, and the place of holding it,
in terms which could apply to no other court.

The present case is governed by the rule laid down in
*Orendorff* v. *Stanberry* and *Gill* v. *Hoblit, supra.* There
is no reference in the summons to any county in the State,
and it required the defendant to appear at the office of
the justice of the peace in Benton, in said county. It is
true that the court sitting in Franklin county will take ju-
dicial notice that the city of Benton is the county seat of
Franklin county, and it will also take judicial notice of the

official character of the officers of that county, but this rule
does not go to the extent of holding that every individual
who happens to be within the limits of the county has the
same knowledge. It does not appear that the summons was
served upon the defendant in Franklin county; it is not
directed to the sheriff or any constable of Franklin county;
it does not notify him to appear at any place in Franklin
county; it does not even notify him to appear at the city
of Benton. It requires him to appear at the office of
C. C. Payne, in Benton, and Benton may be a township
in any one of the counties of the State. The defendant
has a right to know definitely and with certainty, from the
summons itself, where he is required to appear when served,
without further inquiry. This summons did not give such
notice, and the justice of the peace therefore acquired no
jurisdiction of the person of the defendant and the judg-
ment rendered by him was of no effect.

The appellee contends that the question of the validity
of the judgment of the justice of the peace and of the tran-
script, the execution, sale and sheriff's deed has been ad-
judicated between the appellant and the appellee. When a
former adjudication of a controversy is relied upon as a de-
fense in equity it must be pleaded when an opportunity has
been afforded to the defendant to plead it. (*Williams* v.
*Williams,* 265 Ill. 64.) The bill as amended averred that
the transcript of the judgment was void for the reason,
among others, that the summons did not show any venue
and conferred no jurisdiction on the justice of the peace,
and the answer averred that the Appellate Court for the
Fourth District of Illinois had adjudicated and held the
proceedings to be valid. The evidence introduced to sustain
the answer in this respect was an opinion of the Appellate
Court in the forcible entry and detainer suit against the ap-
pellant in which the appellee had been defeated in the cir-
cuit court. No record or judgment of the Appellate Court
was introduced in evidence, though the opinion indicates

that the judgment of the circuit court was reversed and the cause was remanded for a new trial. The questions considered in the opinion and determined adversely to appellant here were an objection to the sufficiency of the transcript for the reason that execution was issued by the justice of the peace on the fourth day after the judgment was rendered, while the transcript failed to show that the oath required by the statute to authorize the issue of an execution before the expiration of twenty days from the date of the judgment had been made and that the sheriff's deed was executed prior to the expiration of fifteen months from the date of the master's sale. If the opinion may be regarded as any evidence of the judgment of the Appellate Court, it indicates merely that the Appellate Court adjudged that there was error in the proceedings of the circuit court in the trial of the forcible entry and detainer suit and that the cause should be remanded to the latter court for a new trial. There was therefore no judgment as to the rights of the parties. These were dependent upon the result of a new trial. A transcript of the record of the circuit court appears in the record, which shows that the appeal in the forcible entry and detainer suit was afterward dismissed in the circuit court and a *procedendo* was awarded, but neither the judgment of the circuit court nor that of the justice of the peace is alleged in the answer, and this evidence has no bearing on the issue made by the pleadings.

The appellee insists that the appellant's delay in filing his bill constituted such *laches* as to be a waiver of the irregularities complained of and barred him of the right to any relief. The sale under the transcript was made on September 2 and the sheriff's deed on November 3, 1911. The bill was filed November 15, 1912. In the meantime the appellant had been in the undisturbed possession of the property, as he had been for many years before, and he was under no obligation to take any steps to remove the cloud

from his title so long as his possession was undisturbed. *Laches* cannot be charged against the owner of property in the undisturbed possession of it, from his failure to engage in litigation to remove unfounded claims as clouds upon his title. *Shaw* v. *Allen,* 184 Ill. 77; *Boyd* v. *Boyd,* 163 id. 611; *Newell* v. *Montgomery,* 129 id. 58; *Orthwein* v. *Thomas,* 127 id. 554.

The appellee relies upon the rule that a court of equity will not set aside a judgment for want of service of process unless it is shown that the complainant has a valid defense to the action in which the judgment was rendered. This principle is well recognized, and the reason of it is that a court of equity will not take away from a party a legal advantage which he has acquired without fraud, as a means of securing a just debt, in favor of a party who does not deny that he owes the debt but claims only the right to defend against a claim to which he has no defense. (*Wright* v. *Simpson,* 200 Ill. 56.) It is equally clear that a court of equity will entertain a bill to remove a void sheriff's deed as a cloud upon the title of the owner of real estate. (*Shaw* v. *Allen, supra.*) While the complainant has no right in equity to have the judgment set aside without showing a defense to the cause of action, he has a right in equity to have the cloud upon his title to real estate, caused by the existence of the void sheriff's deed, set aside. He will, however, be required to do equity and to re-pay to a purchaser in good faith at the void execution sale who is in possession of the real estate and has paid an existing incumbrance on the land, the amount which the purchaser has paid to remove the incumbrance before he can recover the possession. (*Hutson* v. *Wood,* 263 Ill. 376.) The sale under foreclosure was an incumbrance upon the appellant's title, which was about to ripen into a title and entirely deprive him of the ownership of the land. By reason of the redemption that incumbrance has been removed through the sale to the appellee, though the purchaser has acquired no

title. The appellant, coming into a court of equity for relief, will be required to do equity, and before he can have the title of the appellee, who purchased in good faith, decreed to be void, he will be required to reimburse the appellee for the amount of the purchase money which went to the payment of the prior incumbrance on the land. The appellant will therefore be permitted to redeem from the sale to the appellee by the payment of the amount which was paid to the sheriff for the redemption from the previous sale, with interest from the date of the payment to the sheriff to the date of the payment by the appellee.

The decree will be reversed and the cause remanded to the circuit court, with directions to refer the cause to the master to state an account charging the appellant with $1770.64, the amount paid for the redemption from the foreclosure sale, with interest from August 8, 1911, together with all taxes and special assessments, if any, on the premises paid by the appellee, with interest from the date of such payments, and the additional value, if any, added to the premises by reason of any permanent improvements which the appellee may have made thereon. The appellee will be charged with all rents and profits received by him from the premises. Upon the coming in of the master's report the court will ascertain the balance with which the appellant is chargeable in accordance with the foregoing directions, and will enter a decree that unless such balance, with interest thereon, be paid by the appellant to the appellee within ninety days from the entry of such decree the appellee will be entitled to a decree dismissing the bill for want of equity, and if such payment is not made within ninety days the court will enter such decree. If such payment shall be made within ninety days the court will enter a decree granting the relief prayed in the original bill. In any event the decree will be at the costs of the appellant.

*Reversed and remanded, with directions.*