Yandle v. Crane.

## G. W. YANDLE v. S. A. CRANE.

1. PLEADING; *Contradictory Defenses; General Denial.* In an action of replevin where the defendant files an answer containing a "general denial," and six subsequent defenses, in which subsequent defenses the defendant admits that the plaintiff is the owner of the property replevied, and that the defendant detains the same from the plaintiff, *held,* that on the trial of the action said "general denial" can be considered only as a denial that the plaintiff is entitled to the *immediate possession* of the property, and that the defendant *wrongfully* detains the same from the plaintiff.

2. ISSUE IN REPLEVIN; *Evidence under General Denial.* In an action of replevin the defendant, under a "general denial" will be entitled to prove on the trial that he does not wrongfully detain the property, by introducing evidence tending to show that his detention of the same is rightful.

*Error from Labette District Court.*

REPLEVIN, brought by *Crane* and another for twelve head of neat cattle. The question here turned upon a question of practice; and the character of the pleadings, and the facts

and proceedings necessary for a proper understanding of the case, are fully stated in the opinion, *infra*. The plaintiffs had judgment at the March Term 1873 of the district court, (T. C. S., judge *pro tem.*, presiding,) and *Yandle*, defendant, brings the case here on error.

*F. A. Bettis*, for plaintiff in error:

1. The plaintiffs' evidence fails to establish, 1st, that at the commencement of the action the plaintiffs were the owners of the property; 2d, that they were entitled to the possession; 3d, that the property was not withheld by due process of law; and 4th, that at the commencement of the action Yandle was in possession of the property. The defendant's answer contained a general denial, and three affirmative defenses. Under each and all of these, the court refused to permit the defendant to show the *right* of possession of the cattle in controversy to have been in himself, under § 33, ch. 40, Gen. Stat. 1868. The evidence offered should have been received under the general denial; and if this is so, then the affirmative defenses were general denials in themselves.

It may be claimed that the second defense does not allege the premises to have been surrounded by a good and lawful fence — but it does allege the premises to have been " a close;" and a "close" is a lawful inclosure, and a lawful inclosure in Kansas is surrounded by a good and lawful fence. ·

2. It is set up in the answer that the cattle were strays. The court refused to hear any evidence to this point, and this was manifest error.

*W. B. Glasse*, and *H. G. Webb*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin for twelve head of neat cattle. The defendants in error (plaintiffs below,) replevied the cattle from plaintiff in error, and judgment was rendered in favor of defendants in error. The petition below was an ordinary petition in replevin, and suf-

ficiently stated the plaintiff's cause of action. The answer contained first, a general denial, and then six separate defenses setting up new matter. In these subsequent defenses the defendant admitted that the plaintiffs were the owners of the cattle, and that the defendant detained the cattle from the plaintiffs. Hence, upon the trial of the action, the general denial of the defendant could be considered only as a denial that the plaintiffs were entitled to the *immediate possession* of the property, and that the defendant wrongfully detained the same from the plaintiffs, ( *Wiley v. Keokuk*, 6 Kas., 94; *Butler v. Kaulback*, 8 Kas., 668,) for the answer itself admitted and proved on the trial all the other allegations of the petition. The answer in fact proved *prima facie* the plaintiffs' whole case. It proved conclusively that the plaintiffs were the owners of the cattle, and that the defendants detained them from the plaintiffs. And as proof of ownership, if unaccompanied by other circumstances, is always *prima facie* evidence of the right of possession, and as proof of a detention of property by a person not the owner and against the will of the owner, if unexplained by other circumstances, is always *prima facie* evidence of a *wrongful* detention of the property, therefore the foregoing admission of ownership and detention contained in the answer were *prima facie* evidence of the plaintiffs' right of possession, and that the detention of the cattle on the part of the defendant was wrongful. If it be claimed however that said ownership and said detention were explained by other circumstances stated in the answer which showed that the plaintiffs were not entitled to the immediate possession of the property, and that the defendant did not *wrongfully* detain the same, then it may be answered that these other circumstances stated in the answer were controverted by the plaintiffs and could not be taken as true until proved by the defendant. Under the pleadings it did not devolve upon the plaintiffs in the first instance to prove anything. It devolved upon the defendant to show that he had the right to the possession of said cattle, and that he did not

wrongfully detain them. And this brings us to another question.

The defendant, although admitting in his answer that the plaintiffs were the owners of said cattle, and that the defendant detained the same from the plaintiffs, also alleged that the detention was not wrongful for the following reasons, to-wit: He alleges that the plaintiffs permitted these twelve head of cattle along with a large number of other cattle belonging to the plaintiffs to enter the premises of the defendant, and there do a great deal of damage, for which damage the plaintiff claims to have a lien upon said cattle. (Gen. Stat., 494., § 33; id., 1002, § 3; Laws of 1872, 384, § 3.) And the defendant also alleges that he took said cattle up as estrays. (Gen. Stat., 1003, et seq.) All of the defenses (six in number) in which the foregoing allegations are contained are defective for reasons not necessary now to be stated, except that the defendant does not show by any of said defenses that his case comes within any of the statutes above cited. We think however that the defendant had a right to show, under his general denial, all the facts that he attempted to allege in said six defenses of his answer; (*Wilson v. Fuller*, 9 Kas., 177, 190;) that is, he had a right to show under his general denial that the plaintiffs were not entitled to the immediate possession of the cattle, and that the defendant did not wrongfully detain the same, by showing that the cattle broke through a lawful inclosure and entered the defendant's premises and there did damage, and that the defendant detained them for the purpose of enforcing his lien for the damages; or, by showing that the cattle were strays, and that they entered the defendant's premises, and that the defendant then took them up as strays. The court below, on objections by the plaintiffs, refused to permit the defendant to prove the foregoing facts, or at least the first of the foregoing facts. The question as to what may be proved by a defendant under a general denial in replevin has already been considered and decided by this court. (*Town of Leroy v. McConnell*, 8 Kas., 273; *Wilson v. Fuller*, 9 Kas., 177, 190.)

In these cases it was decided that under our code the gist of the action of replevin is the wrongful detention of the property by the defendant as against the plaintiff, and that under a general denial the defendant may prove anything that will tend to show that he does not wrongfully detain the property as against the plaintiff. In the present case, for instance, the defendant might show that he did not wrongfully detain the property' by showing that he rightfully detained it. The court below however, on objections made by the plaintiff, excluded all evidence tending to show that the detention of the property by the defendant was rightful instead of wrongful. And herein we think the court below erred: The plaintiffs alleged in their petition that the detention of the cattle was wrongful. The defendant denied the same by a general denial. The plaintiffs then proved *prima facie* by parol evidence, and by the defendant's admissions in his answer, that the detention was wrongful, and the defendant then had a right to rebut this *prima facie* case by showing that the detention was not wrongful.

The judgment of the court below is reversed, and cause remanded for a new trial.

All the Justices concurring.