## BANCROFT-WHITNEY CO. v. MAYFIELD,
### *Constable, et al.*

No. 2480.   Opinion Filed January 7, 1913.

(129 Pac. 702.)

**REPLEVIN**—Answer—Sufficiency.  In an action of replevin, when the answer contains a general denial, the title of the plaintiff is put in issue, and the answer states a defense.

(Syllabus by Ames, C.)

*Error from Tulsa County Court;*
*N. J. Gubser, Judge.*

Action by the Bancroft-Whitney Company against W. S. Mayfield, constable, and J. U. Elliott, deputy constable.  Judgment for defendants, and plaintiff brings error.  Affirmed.

*John D. Wakely* and *Woodson Norvell,* for plaintiff in error.

*Luther James,* for defendants in error.

Opinion by AMES, C.  The plaintiff brought an action of replevin against the defendants, alleging that they were, respectively, the constable and deputy constable of Tulsa township; that the plaintiff was the owner of certain law books, being the American Decisions, the American Reports, and American State Reports and the Digests; that the defendants had wrongfully taken the property.  The defendants' answer contained, first, a general denial; and, second, as an affirmative defense, that they had taken the books from one Ben. F. Kesterson, that he was the owner thereof, and that they had taken them under certain writs of attachment, issued out of a justice court, and that the property was owned by the said Kesterson.  For its reply the plaintiff alleged, first, a general denial; and, second, that the attachment proceedings were invalid.  The case was tried to a court and jury, and judgment rendered for the defendants.  Nothing is brought to this court except a transcript, no evidence being preserved, and the only question argued is that the answer does not state a defense.  This question does not

appear to have been raised in the trial court. No demurrer was filed to it, and no motion appears in the transcript for judgment on the pleadings, but, waiving that point, it is sufficient to say that a plaintiff must recover upon his own title, and that the general denial was sufficient to put the plaintiff upon proof, and therefore the answer stated a defense.

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.