## DE HART OIL CO. v. SMITH *et al.*

No. 3523.   Opinion Filed May 12, 1914.

(140 Pac. 1154.)

1. **APPEAL AND ERROR—Briefs—Defendant in Error—Failure to File—Review.** Where plaintiff in error has, in compliance with the rules of the court, served and filed his brief, but the defendant in error has neither filed nor offered excuse for failure to file brief, the court is not required to search the record to find a theory upon which the judgment may be sustained, and may reverse the case in accordance with the prayer of the plaintiff in error if the brief filed appears reasonably to sustain such action.

2. **REPLEVIN—Prima Facie Case—Instructions.** Where plaintiff in replevin has made out in evidence prima facie proof of ownership and right to immediate possession of property, it is error to instruct the jury that if they find "from all the evidence that the plaintiffs are the owners of the property, and that the same has never been sold by them, or through any court having jurisdiction to sell the same, and that there are no liens against the same in favor of the defendants and against the plaintiffs, you would be authorized to find for the plaintiffs," as such instruction in effect places upon plaintiff the burden of proof specifically negativing such sales and such liens and is too broad.

3. **REPLEVIN—General Denial—Effect.** In an action in replevin, a general denial of the petition entitles defendants to make any defense which would defeat the plaintiffs' claim of ownership and right of possession.

(Syllabus by Thacker, C.)

*Error from County Court, Rogers County;*
*H. Tom Kight, Judge.*

Replevin by the De Hart Oil Company against Earl Smith and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*John T. Essard* and *C. B. Holtzendorff,* for plaintiff in error.

Opinion by THACKER, C.   Plaintiffs in error, as plaintiffs below, alleging ownership and right of immediate possession in themselves and that defendants in error, who were defendants below, unlawfully and wrongfully detained in their possession

certain personal property of the value of $400, to their damage by the detention amounting to $200, brought this action in replevin for said property and said damages; and the defendants, besides certain affirmative allegations which at best do not enlarge the issues raised by a general denial (*Bancroft-Whitney Co. v. Mayfield, Constable, et al.*, 36 Okla. 535, 129 Pac. 702, and *Street v. Morgan,* 64 Kan. 85, 67 Pac. 448), and need not be further noticed here, answered by a general denial, which entitled them to make any defense which would defeat plaintiffs' claim of ownership and right of possession as against them. *Payne v. McCormick Harvesting Machine Co.,* 11 Okla. 318, 66 Pac. 287. The case was tried to a jury, and the verdict and judgment were for defendants.

Plaintiffs in error filed case-made with their petition in error in due time and, in accord with the rules of this court, have served and filed their brief; but the defendants have neither filed nor offered excuse for failure to file brief; and in such cases this court is not required to search the record for a theory upon which to sustain the judgment, but may reverse the same according to the prayer of the plaintiffs in error if their brief filed appears reasonably to sustain such action. See *First National Bank of Sallisaw v. Ballard et al.,* 41 Okla. 553, 139 Pac. 293, and cases there cited.

The court, over objection by plaintiffs, in the fifth instruction to the jury, said:

"You are instructed, gentlemen of the jury, that if you find in this case, from all the evidence, that the plaintiffs are the owners of the property, and that the same has never been sold by them, or through any court having jurisdiction to sell the same, and that there are no liens against the same in favor of the defendants and against the plaintiffs, you would be authorized to find for the plaintiffs."

This instruction is too broad, and in effect places the burden upon plaintiffs to prove that the property had never been sold by them, and that there had been no judicial sale of the same without regard to whether such sale affected their rights, and that there was no lien upon the same in favor of defendants and

against plaintiffs; and in our opinion this was error necessitating a reversal of this case.

In the absence of proof that plaintiffs had sold the property so as to defeat their right of recovery in this action, and in the absence of proof of a judicial sale which would preclude their right of recovery, and in the absence of proof of a lien under which defendants acquired a right of possession, it appears that plaintiffs were entitled to recover in the present case merely upon their *prima facie* proof of ownership and right of possession; but the instruction under consideration, especially when considered in connection with instruction No. 3, to the effect that the burden was upon plaintiffs to make out their case, was not satisfied by such absence of proof of sales and liens, but required specific proof negativing the same.

If defendants desired to overcome plaintiffs' *prima facie* proof of ownership and right to recover immediate possession and to defeat plaintiffs' action by showing that they had acquired title and right of possession or the right of possession alone by virtue of any sale of the property by plaintiffs, any judicial sale of the same, or any lien thereon, the burden of proof was upon the defendants and not the plaintiffs as to such showing.

At first blush and without more than a casual examination, there appear to be other errors which might require a reversal of this case; but, if there be such other errors, they are such that we cannot think that upon another trial they will be repeated, and we deem it unnecessary to discuss same.

For the reasons hereinbefore stated, this case should be reversed and remanded for a new trial.

By the Court: It is so ordered.