## WILLIAMS v. GIBSON BROS.

No. 7655—Opinion Filed August 8, 1916.
(159 Pac. 649.)

1. **Replevin—Action—Issues and Proof.**

Under a general denial in a replevin action, the defendant may make any defense which will defeat the plaintiff's claim of right to possession as against the defendant.

2. **Pleading—Judgment on Pleadings—Answer.**

In an action in replevin, the defendant answered by general denial and in addition pleaded affirmative defenses. In the latter he admitted the execution and delivery of the note and mortgage, default in payment of which is made the basis of plaintiff's claim to right of possession. Held, that such answer raises a question of fact, and a judgment rendered upon the pleadings is improper.

(Syllabus by Edwards, C.)

Error from County Court, Garvin County; W. R. Wallace, Judge.

Action by Gibson Bros. against B. H. Williams. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

J. W. Field and Geo. I. Jordan, for plaintiff in error.

O. W. Patchell and Stephen C. Treadwell, for defendant in error.

Opinion by EDWARDS, C. The plaintiff below brought a simple action in replevin. based upon a promissory note secured by a chattel mortgage. The pleadings disclose that the note and mortgage were the joint obligation of E. G. Sublette and B. H. Williams, and the property mortgaged the joint property of said parties. The answer of the defendant is: First, a general denial; second, the defendant pleads that the note and mortgage sued on are the joint obligation of the defendant and E. G. Sublette, and that the plaintiff, without the knowledge or consent of the defendant, had executed to said Sublette a release upon certain of the property mortgaged, and had released said Sublette from personal liability on the note; third, the defendant alleges that on the 27th day of May, 1914, the note and mortgage set up as a basis of plaintiff's action were canceled and settled by a new contract, a copy of which is attached to the answer as a part thereof. The said contract, however, appears to be no more than an extension agreement of the original note and mortgage between the plaintiff and defendant. No reply was filed to this answer, but the plaintiff filed a motion for judgment on the pleadings, which motion was sustained, and judgment entered in favor of plaintiff for the possession of certain of the personal property mortgaged and involved in the action, and for costs. The defendant filed a motion for new trial, which was overruled, and in due time the case was appealed to this court. The only error assigned is that the court erred in rendering judgment on the pleadings. The argument by plaintiff in error upon this assignment is that the defense set up in the second and third counts of the answer do not affect the general denial pleaded in the first count, and that as a general denial in an action in replevin puts in issue every material allegation of the petition, it was manifest error to render a judgment on the pleadings.

It is well settled that under a general denial in a replevin action, a defendant may interpose any defense which will defeat the plaintiff's claim: Payne v. McCormick Harv. Co., 11 Okla. 318, 66 Pac. 287; Broyles v. McInteer, 29 Okla. 769, 120 Pac. 283; Bancroft-Whitney Co. v. Mayfield, 36 Okla. 535, 129 Pac. 702; De Hart Oil Co. v. Smith, 42 Okla. 201, 140 Pac. 1154; Francis v. Guaranty State Bank, 44 Okla. 446 145 Pac. 324.

It is true that in an action in replevin a general denial, filed by way of answer, might be coupled with such admissions as would render a judgment on the pleadings proper In the case at bar, however, we do not think this condition exists. The only admission materially affecting the general denial is the admission of the execution of the note and mortgage, and if the second count of the

answer be held insufficient, the further admission that a portion of the indebtedness represented thereby is unpaid. But, with these admissions, the general denial is, we think, still sufficient to put in issue the right of plaintiff to the possession of the property mortgaged. In the case of First State Bank of Mannsville v. Howell et al., 41 Okla. 216, 137 Pac. 657, it is said:

"Judgment on the pleadings is a permissible practice in the courts of this jurisdiction when the state of the pleadings warrant such disposition of the case. The case in hand being one in replevin, the gist of the action is the wrongful detention of the property. Defendants answered by general denial, and, in addition, pleaded affirmative defenses. In the latter they admit the execution and delivery of the notes and mortgage, default in payment of which is made the basis of plaintiff's claim to the right of possession. At any event, it was incumbent on plaintiff, before it could recover, to establish its right of possession. Even though the special defenses set up in the answer should fail, yet the defendants, under the general denial, had a right to defeat plaintiff's claim by showing right of possession in some third party. Hence such an answer, containing different defenses, is not an inconsistent pleading in replevin, and, where an issue of fact is raised, as it was in this case, by the general denial, it is not error for the trial court to overrule a motion for judgment on the pleadings. Ordinarily a motion for judgment on the pleadings is proper where the answer admits, or leaves wholly undenied, the material allegations of the petition; but in this case no such condition exists. It might, in some cases, be proper to award judgment on the pleadings where the answer does not deny all the facts alleged, but denies legal conclusions only; but we are again, in this case, met with the principle that a general denial in replevin puts in issue every fact pleaded in the petition."

Even though the plaintiff in error admits the execution of the note and mortgage set up as a basis of the cause of action, and that the same are unpaid, there might still be sufficient reasons why the plaintiff below would not be entitled to the possession of the property, and these reasons the plaintiff in error might show under the general denial pleaded; but whether or not such reasons existed, the answer raises a question of fact, and a judgment on the pleadings was improper. Noland v. Owens, 13 Okla. 408, 74 Pac. 954; Fenton v. Burleson, 33 Okla. 230, 124 Pac. 1087; Peck v. First National Bank, 50 Okla. 252, 150 Pac. 1039; Shipman v. Porter, 48 Okla. 265, 149 Pac. 901.

For the reasons assigned, the judgment is reversed, and the cause remanded.

By the Court: It is so ordered.