## McLAUGHLIN v. DUGAN.

No. 7658—Opinion Filed July 24. 1917.

(166 Pac. 1069.)

### 1. Replevin—Actions—Evidence.

In a replevin action, where the answer of defendant contains a general denial, it is not error for the court to allow the introduction of evidence to establish that the ownership of the property sought to be replevined is in a third party, and not in the plaintiff.

### 2. Adverse Possession—Evidence.

The evidence examined, and it is held that the statute of limitation of two years does not apply.

(Syllabus by Hooker, C.)

Error from District Court, Alfalfa County; J. C. Robberts, Judge.

Action by B. McLaughlin against Anson Dugan. There was a judgment for defendant, and plaintiff brings error. Affirmed.

Titus & Talbot, for plaintiff in error.

J. P. Evans, for defendant in error.

Opinion by HOOKER, C. The subject-matter of this appeal is the right of posssession to and ownership of a bird dog. The plaintiff in error sued in the lower court for its possession, and lost. He has appealed and urges two reasons why this case should be reversed: (1) That the court committed error in permitting evidence to be introduced here under the pleadings to establish ownership in a third party. (2) That he had been in possession of the dog for two years, and under section 4657, subd. 3, Rev. Laws 1910, this action was barred, and that the force and effect of the statute gave to him the right of possession to the property and established a right of ownership in him.

We cannot agree with these contentions. This court, in De Hart Oil Co. v. Smith, 42 Okla. 202, 140 Pac. 1154, said:

"And the defendants, besides certain affirmative allegations, which at best do not enlarge the issues raised by a general denial (Bancroft-Whitney Co. v. Mayfield, Constable, et al., 36 Okla. 535, 129 Pac. 702, and Street v. Morgan, 64 Kan. 85, 67 Pac. 448), and need not be further noticed here, answered by a general denial, which entitled them to make any defense which would defeat plaintiff's claim of ownership and right of possession as against them ( Payne v. McCormick Harvesting Machine Co., 11 Okla. 318, 66 Pac. 287.''

In Bancroft-Whitney Co. v. Mayfield, supra, this court said:

"The defendants' answer contained, first, a general denial; and, second, as an affirmative defense, that they had taken the books from one Ben F. Kesterson, etc. * * * It is sufficient to say that a plaintiff must recover upon his own title, and that the general denial was sufficient to put the plaintiff upon proof, and therefore the answer stated a defense."

In Francis, Sheriff, et al. v. Guaranty State Bank of Texola, 44 Okla. 446, 145 Pac. 324, it is said:

"The allegation of ownership had been, as we have seen, put in issue by defendants' general denial. Where the plaintiff in a replevin action claims title in himself, he must prove title against the world, as on such an issue a general denial puts in issue the right on which plaintiff bases his writ. A general denial in replevin puts in issue both the title and right of possession of plaintiff, and under an issue so framed defendant may prove title or right of possession either in himself or in a stranger. Cobbey on Replevin (2d Ed.) §§784, 785; Shinn on Replevin, §509. Where the property belongs to, and the right to possession is in, a third party, the plaintiff cannot recover, and if the property has been taken from the defendant there must be judgment for its return. Anything going to show that the plaintiff in replevin had no right to the possession when suit was commenced is a complete bar to the action. Under our Code, the gist of the action of replevin is the wrongful detention by the defendant as against the plaintiff, and under a general denial the defendant may prove anything that will tend to show that he does not wrongfully detain the property as against the plaintiff. * * * "

And in Yandle v. Crane, 13 Kan. 344, it is said:

"In an action of replevin, the defendant, under a 'general denial,' will be entitled to prove on the trial that he does not wrongfully detain the property, by introducing evidence tending to show that his detention of the same is rightful."

See, also, White v. Gemeny, 47 Kan. 741, 28 Pac. 1011, 27 Am. St. Rep. 320, and Shadduck v. Stotts, 62 Kan. 866, 61 Pac. 1131.

In Payne v. McCormick Harvesting Co., 11 Okla. 318, 66 Pac. 287, this court said:

"Under the general denial in replevin, the defendant may make any defense, which will defeat the plaintiff's claim or right to possession as against the defendant, and under the Code great liberality is allowed to such defenses."

The answer in this case contains, first, a general denial; second, as a subsequent defense, it is alleged that the defendant is the owner of the property sought to be recovered, and, if not the owner, he has a special ownership or interest therein for its care and its keep. Under the allegations of the answer it was competent for the defendant to prove any state of facts which tended to show that the plaintiff was not entitled to the relief asked for in his bill of particulars. Therefore it must be held that the trial court did not commit any error when the defendant was permitted to introduce evidence that tended to establish that the property, for the possession of which this action was brought by the plaintiff below, did not in fact belong to the plaintiff, nor was he entitled to the possession thereof, for the reason that the said property belonged to another.

It is further asserted here that under all of the evidence the plaintiff below had acquired title to the dog in question by right of possession for a period of two years. Paragraph 3 of section 4657, Rev. Laws 1910, is relied upon by the plaintiff in error as the authority for his contention. And it is asserted that the force and effect of the statute is not alone to bar the remedy, but is sufficient to pass title to the property. Without construing this statute, it is sufficient to say that the evidence, as to the possession of this property by the plaintiff in error, is insufficient to establish his claim based upon two years' possession, and under the evidence it can hardly be asserted that the plaintiff in error had possession of the property for two years prior to the time that the defendant came into possession thereof.

The instructions of the court fairly presented the law of this case to the jury, and after hearing the evidence the jury returned a verdict in favor of the defendant in error for the possession of the property and $25 damages in favor of the defendant in error for its detention, which was later remitted in the lower court by him.

Finding no error here, this cause is affirmed.

By the Court: It is so ordered.