### FRENCH v. BROWN et al.

No. 9401—Opinion Filed Aug. 13, 1918.

(174 Pac. 748.)

**Replevin—General Denial—Defenses.**

In an action in replevin, the defendant may make any legal defense to the right of the plaintiff to recover possession of the property involved, under a general denial, and this is true notwithstanding the defendant may have attempted to allege additional affirmative defenses which may be insufficient.

(Syllabus by Pryor, C.)

Error from County Court, Tulsa County; H. L. Standeven, Judge.

Replevin by Schuyler C. French against M. C. Brown and wife, and Mrs. E. B. Davis. with answer only by defendant Davis. Judgment for defendant Davis for the return of the property or its value, with damages for its wrongful detention, and plaintiff brings error. Affirmed.

Rook & Rogers, for plaintiff in error.

Robinson & Mieher, for defendant in error Davis.

Opinion by PRYOR, C. This is an action in replevin, commenced in the county court of Tulsa county by Schuyler C. French, plaintiff, against M. C. Brown, Mrs. M. C. Brown, and Mrs. E. B. Davis, defendants, for possession of personal property, consisting of hotel furniture and furnishings, un-

der and by virtue of a chattel mortgage. Plaintiff in his petition for replevin claims that he is the holder of notes secured by the chattel mortgage and the holder of chattel mortgage, and by reason of default in the payment of the notes, he is entitled to the immediate possession of the property. No answer was made by the defendants M. C. Brown and Mrs. M. C. Brown. Mrs. E. B. Davis filed answer to plaintiff's petition, which consists of a general denial. She alleges that the mortgagor, M. C. Brown, at the time of the execution of the chattel mortgage, was not the owner of the property; that she was the owner of the property at the time of the execution of the mortgage; that the plaintiff and the defendants, M. C. Brown and Mrs. M. C. Brown, entered into a conspiracy to deprive her of the property, and as a result, under said writ of replevin, seized the property covered by the mortgage and other household furnishings belonging to the defendant in the value of $500, and asks judgment against plaintiffs for the return of said property or the value thereof, and damages for the wrongful seizure and detention of the same. There was a jury trial, and verdict for the defendant Mrs. E. B. Davis, for the return of the property or the value thereof, and assessed the value of said property at $250, and further allowed her damages in the sum of $125 for the wrongful seizure and retention of said property under said writ. From this judgment the plaintiff appeals.

Plaintiff in error filed a motion for judgment on the pleadings, which the court overruled, and the burden of the plaintiff's contention on appeal is that the court erred in overruling said motion. In an action in replevin the defendant may make any legal defense to the right of the plaintiff to recover possession of the property involved, under a general denial, and this is true notwithstanding the defendant may have attempted to allege additional affirmative defenses which may be insufficient. First State Bank of Mannsville v. Howell et al., 41 Okla. 216, 137 Pac. 657; Williams v. Gibson, 60 Okla. 147, 159 Pac. 649. But, notwithstanding this rule, the court properly overruled the motion for judgment on the pleadings, for the reason that the answer of the defendant Mrs. Davis alleges good defenses. independent of the general denial. She specifically denied that the mortgagor was the owner of the property at the time of the execution of the mortgage, and affirmatively alleged that she was the owner of the property at the time, and still is the owner of the property. The court committed no error in overruling the motion of plaintiff for judgment on the pleadings, as the answer

was sufficient to raise the issues, which, if true, as alleged in the answer, would defeat the plaintiff's right to recover.

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.