**THOMPSON et al. v. GROVE.**

No. 8786—Opinion Filed Jan. 28, 1919.

Rehearing Denied May 5, 1919.

(180 Pac. 553.)

(Syllabus.)

**1. Replevin — Action to Recover Property from Constable—Petition—Demurrer.**

A petition, in an action for the recovery of specific personal property from a constable and another, alleged that, although the property was taken from plaintiff by an officer under a writ of attachment, issued by a justice of the peace, the action wherein the writ was issued was decided in favor of the defendant, whereupon the attachment was dissolved; and that, although the plaintiff gave notice of his intention to appeal from said judgment and order, said appeal was never perfected. Held, not demurrable upon the ground that it shows upon its face that the property was taken from the plaintiff by mesne or final process issued against him.

**2. Replevin—Maintenance of Action—Order.**

"An action for the recovery of specific personal property may be maintained in the county or district courts of this state, although no order is issued for the delivery of such property before judgment."

**3. Replevin—Discharge of Attachment Lien by Final Judgment — Action to Recover from Officer.**

Where a final judgment of a justice of the peace in favor of the defendant on the merits dissolved an attachment issued against him in the cause, the lien created by the attachment was discharged, and the property was released from the custody of the law; and, upon the refusal of the constable to surrender the property upon demand, the defendant's remedy was by action against the constable for the recovery of the property, or the value thereof.

**4. Replevin—General Denial—Defenses.**

Under a general denial in replevin, the defendant may make any defense which will defeat plaintiff's claim or right to possession against the defendant, and under the Code great liberality is allowed such defenses.

**5. Justices of the Peace—Action to Recover Specific Property — Perfection of Appeal —Burden of Proof.**

Section 5397, Rev. Laws 1910, which provides for an appeal to the district or county court from an order of a justice of the peace dissolving an attachment, is applicable whether the attachment is dissolved upon the rendition of final judgment in favor of the defendant or is dissolved upon motion during the pendency of the action.

**6. Replevin — Action to Recover Specific Property—Perfection of Appeal—Burden of Proof.**

In the petition in an action for the recovery of specific personal property where it was alleged that after final judgment was rendered in favor of the defendant and dissolving an attachment by virtue of which this property was taken, the plaintiff served notice of his intention to appeal from said judgment and order but said appeal was never perfected, and the defendant in his answer sets up a general denial, whether such appeal was perfected becomes a material issue, and the burden of establishing the same was upon the plaintiff.

**7. Replevin — Action to Recover Property from Officer—Premature Action.**

In the case at bar, the evidence not showing that the office of the law had been performed as to the writ of attachment under which the goods were taken from the plaintiff, although it was alleged to the contrary, it must be held that the property was still in custodia legis at the time of the commencement of this action, and that the action was prematurely commenced.

Error from District Court, Payne County; James B. Cullison, Judge.

Action by H. E. Grove against Ray Thompson and others. Verdict and judgment for plaintiff, and defendants bring error. Reversed and remanded with directions to grant a new trial.

E. R. McNeill and S. A. Horton, for plaintiffs in error.

Dick F. Gore, Wilberforce Jones, and J. M. Springer, for defendant in error.

KANE, J. This was an action to recover the possession of specific personal property, commenced by the defendant in error, plaintiff below. against the plaintiffs in error, defendants below.

Hereafter, for convenience the parties will be designated "plaintiff" and "defendants," respectively. as they appeared in the trial court.

Upon trial to a jury there was a verdict for the plaintiff upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The errors relied upon for reversal may be summarized as follows:

(1) The petition of said plaintiff shows upon its face that the property in controversy had been taken under attachment against him, and he is therefore precluded from filing a suit in replevin to obtain possession thereof, and therefore said petition does not state a cause of action.

(2) Errors of the trial court sustaining a motion to strike out certain portions of defendants' answer.

(3) The court erred in overruling the demurrer to the evidence filed by said defendants.

(4) The court erred in giving instruction number four.

(5) The court erred in excluding certain evidence offered by the defendants.

(6) "The judgment and verdict is wrong, and, should the court find that our views heretofore expressed are wrong, then this judgment should be corrected."

Under the first assignment of error it is contended that the petition of the plaintiff fails to state a cause of action, because it shows upon its face that the property involved was taken from the plaintiff by Ray Thompson, one of the defendants herein, while acting as constable, by virtue of a writ of attachment issued by a justice of the peace in an action commenced by D. H. Hart another of the defendants herein, against this plaintiff, notwithstanding the petition also alleged that final judgment was rendered in favor of this plaintiff, in the action wherein the attachment was issued whereupon the justice made his order and entered the same dissolving said attachment proceeding; and that whilst D. H. Hart, the plaintiff in said attachment proceeding, and one of the defendants in this action, gave notice to defendant in the attachment proceeding, the plaintiff herein, of his intention to appeal from said judgment against him in the said attachment proceeding, and the order of the court made thereunder dissolving said attachment, no appeal has ever been perfected by said plaintiff in said attachment proceeding.

We are of the opinion that the petition states facts sufficient to constitute a cause of action for the recovery of specific personal property. It is true, as counsel for defendant contend, that in actions of this kind the plaintiff is not entitled to claim the immediate delivery of the property involved, at the commencement of the suit, without filing the affidavit prescribed by section 4799, Rev. Laws 1910.

Section 4798, Rev. Laws 1910, provides that the plaintiff in an action to recover possession of specific personal property may, at the commencement of the suit, or at any time before answer, claim the immediate delivery of the property in controversy upon filing this affidavit, in which, among other things, it is required to state that the property was not taken by virtue of any mesne or final process issued against him. An analysis of these statutes discloses that it is only in cases where the plaintiff desires to take immediate possession of the property that it is necessary to state under oath that it was not taken by virtue of any mesne or final process issued against him. Section 4798, supra, says the plaintiff "may," not "must," at the commencement of the suit, or at any time before answer, claim the immediate delivery of the property. Obviously, the action exists, or may exist, independent of the order; the order of delivery being merely ancillary to the action and provides that certain things may be done in it. It nowhere provides that a failure to file the affidavit or make the order abates the action, or that the defendant may prevent a recovery by showing that the plaintiff has not availed him of all the privileges which the statute has given. In the case at bar the plaintiffs did not see fit to take advantage of the summary remedy provided by the statute, but elected to let the property remain in the custody of the defendants until the termination of the action, which, as we have seen, resulted in his favor. This seems to be permissible.

In Hutchings v. Cobble, 30 Okla. 158, 120 Pac. 1013, it was held:

"An action for the recovery of specific personal property may be maintained in the county or district courts of this state, although no order is issued for the delivery of such property before judgment."

In other words, the action aptly designated by the statute, "an action to recover the possession of specific personal property," exists independent of the ancillary remedy and may proceed to judgment as such without the aid of what may be called the purely replevin features of the act.

Whilst immediate delivery may be secured only by making the affidavit and giving the bond, we perceive nothing in the statutes which prevents the plaintiff from waiving this ancillary proceeding, if he wishes to prosecute his action without its aid.

Section 5384 provides that, if judgment be rendered in the action for the defendant, the attachment shall be discharged, and the property attached, or its proceeds, shall be returned to him. Under this and another section which will be cited later, it was clearly the duty of the officer holding the property under the attachment to return the same to the plaintiff upon demand, after the expiration of the time provided for appealing from the judgment rendered in his favor in the attachment proceeding. This the petition alleges he refused to do, although repeated demands were made upon him for possession.

As the judgment in favor of the plaintiff

in the attachment case discharged the attachment and thereby released the attached property, it clearly appears that the constable had no legal process in his hands authorizing him to hold the attached property, after the time for taking the appeal had expired. Becker v. Steele, 41 Kan. 173, 21 Pac. 169.

Discussing the remedy of a defendant in an attachment case, in somewhat similar circumstances, the learned justice who prepared the opinion for the court in Ranft v. Young, 21 Nev. 401, 32 Pac. 490, says:

"From the moment the judgment was rendered, the attachment was dissolved, the lien created by it was vacated, and the property released from the custody of the law; and, upon the refusal of the sheriff to surrender the property, the defendant's remedy was by proceedings against the sheriff for the property, or the value thereof."

Whilst this case is not precisely in point, we think this is a correct statement of the law applicable to the case at bar. It being admitted by the demurrer that the case wherein the attachment was issued was finally disposed of in favor of the defendant, in the attachment case, the plaintiff herein became entitled to the return of the attached property and hence an action for the recovery thereof immediately arose in his favor. It may be, however, that he was not entitled to the summary ancillary proceeding by replevin in the circumstances disclosed; but, as that question was not presented by the record, it is not necessary to pass upon it.

As we have seen before, the action of the plaintiff may proceed to its termination independent of the ancillary proceeding.

The allegations stricken from the answer, of which counsel for plaintiff complains, was to the effect that the defendant in the attachment suit filed his appeal bond in that action as provided by law, and that said cause was transmitted to the district court, and that such cause is now pending upon appeal therein.

It is contended on behalf of the plaintiff that it was not error to strike this portion of the answer:

1. Because the answer contains a general denial under which the defendants could put in evidence any defense that would defeat the plaintiff's title or right to possession.

2. That section 5397, Rev. Laws 1910, which provides for an appeal from an order of the justice of the peace dissolving an attachment, relates purely and solely to the appeal from an order dissolving an attach-

ment upon a motion and not to where the attachment is dissolved upon the rendition of final judgment in favor of the defendant.

The first contention is undoubtedly well taken.

Under a general denial in replevin the defendant may make any defense which will defeat plaintiff's claim or right to possession against the defendant, and under the Code great liberality is allowed such defenses. Broyles v. McInteer, 29 Okla. 767, 120 Pac. 283.

On the second proposition we are unable to agree with counsel.

The statute provides (section 5397, supra) that the plaintiff in any action brought under this article may appeal to the district or county court of the county wherein said action is brought, from an order of a justice of the peace dissolving an attachment, or releasing a garnishee, by filing an appeal bond as in other cases.

The petition, no doubt, was filed upon the theory that an appeal could be taken from the final judgment of the justice of the peace dissolving the attachment injunctions on the merits of the case, as the petition states that the preliminary steps for an appeal were taken, but that such appeal was never perfected. In these circumstances, we think the question of whether the appeal was perfected or not was a material issue in the cause; but, as this could be proven under a general denial it was not error to strike out the part of the answer which attempted to plead it specifically. The ground on which counsel for defendants contend the demurrer to plaintiff's evidence should be sustained is that there was no evidence tending to support his allegation that—

"No appeal has ever been perfected by the said plaintiff in said attachment proceeding."

This was met by the contention that—

"The judgment of the defendant operates to discharge the attachment as a matter of law, and the justice was without authority to order the constable to hold the property after such judgment."

Reference is then made to the Kansas authorities which hold that—

"If judgment is rendered for the defendant in the suit, the attachment is ipso facto dissolved."

And an appeal from the final judgment does not bring up for review or retrial a proceeding in attachment. Brown v. Tuppeny, 24 Kan. 29; Becker v. Steele, 41 Kan. 173, 21 Pac. 169.

There seems to be no statute in Kansas similar to our section 5397, supra, providing for an appeal to the district court from an order of a justice of the peace dissolving an attachment. Under this same section, when the plaintiff shall notify the defendant that he intends to appeal from the order of the justice of the peace dissolving an attachment, the property attached shall not be released until the expiration of ten days, after such order, and upon the giving of such appeal bond such attached property shall be held to abide the order and judgment of the appellate court where the motion to dissolve the attachment shall be tried de novo.

By again referring to the petition, it will be seen that it alleged that the plaintiff in the attachment case gave notice to the defendant of his intention to appeal from the said judgment against him in said attachment proceeding and from the order of the court dissolving said attachment writ and all proceedings had thereunder. This, under the statute just cited, had the effect of keeping alive the attachment for the period of ten days. At this point the evidence stops. No effort was made to establish the subsequent material allegation of the petition that the appeal had not been perfected. We think this omission was fatal to plaintiff's right of recovery. As far as the proof is concerned, the property was still in custodia legis when the petition was filed, and therefore the action was prematurely commenced.

It is a well-settled doctrine of the common law that replevin will not lie for goods in the custody of the law, any interference with goods so held being considered an infringement of the prerogative of the court and a contempt thereof. The reason why property in custodia legis cannot be replevied is that to permit it to be done would be to interfere with the possession before the office of law had been performed as to the process under which it was taken, 34 Cyc. 1367; Hagan v. Deuell, 24 Ark. 216, 88 Am. Dec. 769; Powell v. Bradlee, 9 Gill & J. (Md.) 220.

In the case at bar, the evidence not showing that the office of the law had been performed as to the writ of attachment under which the goods were taken from the plaintiff, although it was alleged to the contrary, the property was still in custodia legis at the time of the commencement of this action and was therefore prematurely commenced.

As the remaining assignments of error raise, in somewhat different form the same questions hereinbefore passed upon, it will not be necessary to review them in order to insure a proper hearing of the cause upon the new trial which we find it necessary to grant.

For the reasons stated, the judgment of the court below is reversed, and the cause remanded, with directions to grant a new trial.

All the Justices concur, except McNEILL, J., not participating.