### FORD v. GOODMAN.

No. 15876—Opinion Filed Jan. 19, 1926.

**Sales—Replevin—Conditional Sale — Retention of Title—Default in Payment.**

Under a conditional sales contract which retains title in seller until full payment, with the right to retake possession on default, evidence that the property sold was not as represented, but the purchaser made no such claim nor sought a rescission until more than five months after the purchase and more than two months after the first default, is insufficient to defeat a recovery in replevin by the seller, especially where the misrepresentation relied on was oral and preceded the execution of the sales contract.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Payne County; Brown Moore, Special Judge.

Action in replevin by Herman Goodman against Mrs. T. J. Ford. Judgment for plaintiff for possession of the property, and defendant brings error. Affirmed.

On January 11, 1923, Herman Goodman sold to Mrs. T. J. Ford certain household furniture. The parties entered into a writ-

ten contract for the purchase and sale of said property, which particularly described the property sold, and warranted the title thereto, reserving in said contract title to said property in the seller until the full purchase price was paid. The contract further authorized the seller to take possession of said property or any part thereof upon default in the payment of the purchase money. Under said contract purchaser agreed to pay the sum of $1,000 for the property, $300 of which was paid at the time the contract was executed, and the balance of $700 to be paid in monthly installments of $100 each on the 11th day of each month. It appears that defendant thereafter made three monthly payments of $100 each, and after defaulting in the fourth and fifth installments, plaintiff went to see her about these payments. Defendant at that time told plaintiff that she had tried to borrow the money to pay these installments, but had been unable to do so, and asked him to take back the furniture and return her the amount paid thereon. This plaintiff refused to do. Thereupon defendant stated that the furniture was not such as plaintiff had represented it to be, in that defendant claimed that there was a representation made to her that the furniture was made of walnut wood, when as a matter of fact it was merely walnut finish.

After demand for possession and refusal plaintiff commenced this action by filing his affidavit and bond in replevin to recover possession of the property under the conditional sales contract. Defendant gave a redelivery bond and retained possession of the property. Upon the issues joined by the pleadings the case was tried, and at the close of defendant's evidence the trial court sustained a demurrer thereto, and thereupon rendered judgment in favor of the plaintiff for possession of the property, or if a delivery thereof could not be had, for an alternative judgment against the defendant for the sum of $400, the balance due on the purchase price, and $16 as interest thereon to the date of the judgment. After unsuccessful motion for new trial defendant has brought the case here by petition in error with case-made attached for review.

Higgins & Berton, for plaintiff in error.

Walter Mathews, for defendant in error.

Opinion by LOGSDON, C. Two assignments of error are relied on: First, the court erred in sustaining the demurrer of the plaintiff to the evidence of the defendant. Second, the court erred in sustaining plaintiff's motion for judgment on the pleadings and in rendering judgment for the

plaintiff. The overruling of motion for new trial is also assigned as error. In the view taken of the case here it will only be necessary to consider the first assignment of error above stated. In her answer filed in the trial court defendant admitted the execution of the contract between the parties and the default in payment thereunder. To defeat plaintiff's right to possession of the property described in the contract, defendant pleaded fraudulent misrepresentation in the sale of said property, resulting in a partial failure of consideration, and alleging in substance that the $600 paid by her was the full reasonable value of the property. That fraud in the sale of personal property is a good defense to an action for recovery of possession is established by the authorities, provided the defrauded party has taken prompt measures upon discovery of such fraud. This defense is also authorized by statute in this state. Comp. Stat. 1921, sec. 5077. But in order for one to avail himself of such defense rescission of the contract upon the ground of fraud must be prompt. Comp. Stat. 1921, section 5079, provides:

"Rescission, when not effected by consent, can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply with the following rules: First, he must rescind promptly, upon discovering the facts which entitled him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind; second, he must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so."

In the instant case it appears from the testimony of defendant that she took possession of the property under her purchase the latter part of January or the early part of February. Thereafter she made three monthly payments. When the fourth monthly payment fell due she was unable to meet it, but said nothing to the plaintiff. When the fifth monthly payment came due she was unable to pay that. Still she said nothing to the plaintiff, but in a short time after this second monthly default plaintiff called to see her. In the conversation then had between the parties, defendant first told plaintiff that she had tried to borrow the money, but had been unable to do so, and asked him to take the property and return to her the purchase money paid thereon. This plaintiff refused to do. Thereupon defendant asserted that the property was not as represented to her and that there was fraud and misrepresentation in the sale of

such property, she asserting and so testifying upon the stand that the property was sold to her upon the representation that it was made of walnut wood, when in fact it was merely a walnut finish. The written contract between the parties nowhere contains the word walnut, either in reference to the material of which the furniture was constructed or in reference to the finish of the furniture. In her testimony defendant admits that she saw and examined the furniture on two different occasions before purchasing same, but didn't notice that it was merely a walnut finish instead of walnut wood until after she had gone into possession of it. It cannot be held that defendant exercised reasonable diligence, after discovering her alleged ground of rescission, in calling plaintiff's attention to the misrepresentation claimed and in exercising her right. Under the evidence preserved in the record it is clear that it was only after plaintiff refused to take back the property and restore the purchase money paid, because of defendant's inability to make further payments, that defendant made any claim as to misrepresentation in the character and quality of the furniture purchased. There had been default at that time for more than 60 days. By the terms of the contract itself such default entitled plaintiff to take possession of the property. With the record in this condition the trial court was clearly correct in sustaining the demurrer of plaintiff to the evidence of the defendant.

While it may have been and probably was erroneous for the trial court, after sustaining the demurrer to the evidence, to sustain a motion of plaintiff for judgment on the pleadings, it was clearly the duty of the court to render a judgment in favor of the plaintiff, because the execution of the contract was admitted and the detention of the goods by the defendant was likewise admitted, and her testimony in support of her plea of fraudulent representation and rescission was legally insufficient to authorize a judgment in her favor. It is, therefore, apparent that while the judgment of the trial court was correct, the reason upon which it was based was erroneous. It has been repeatedly held by this court that where a correct conclusion has been reached by the trial court, this court will not reverse the same merely because of erroneous reasons upon which such conclusion is based.

It follows from what has been said that the action of the trial court in overruling defendant's motion for a new trial was cor-

rect, and its judgment is, therefore, in all things affirmed.

By the Court: It is so ordered.