## WINTER et al. v. HARVELL.

No. 22910.   Dec. 17, 1935.

Sam A. Neely and J. P. Evers, for plaintiff in error Anna M. Winter.

E. M. Connor, for plaintiff in error Federal Storage & Van Company.

T. L. Brown and Woodson E. Norvell, for defendant in error.

PER CURIAM. This was an action by Dorothy M. Harvell, as plaintiff, against Anna M. Winter, on a promissory note for $1,-

200, and to foreclose a chattel mortgage on certain hotel furnishings. Shortly prior to the institution of said suit defendant Winter had stored the furnishings with defendant storage company and for this reason said storage company was made a party defendant.

The plaintiff and defendant will be referred to as they appeared in the trial court, and the defendant Federal Storage & Van Company as storage company.

Plaintiff's petition consists of three causes of action: First, an ordinary action in replevin; second, a count on a promissory note in the sum of $1,200; and, third, to foreclose a chattel mortgage given to secure said note. Copies of said note and mortgage were attached to plaintiff's petition. The petition also contained a clause for damages, but this was abandoned on the trial.

Defendant Winter filed answer and cross-petition, in which she admitted the execution of the note and mortgage, but attacking same, alleged failure of adequate consideration, fraudulent representations, and further alleges that she, being inexperienced in the hotel business, was overreached by plaintiff, who in fact traded her an assignation house instead of a hotel; that the agreed price of the property involved was $3,000, $1,800 of which was paid by a conveyance to plaintiff of a house and lot owned by defendant Winter, and the note and chattel mortgage sued on. The prayer of the cross-petition asked for the cancellation of the note and mortgage, and that the property, both real and personal, be returned to the respective parties and that all transactions be rescinded.

Defendant storage company filed answer, containing only a general denial, and cross-petition alleging the storage of the goods and chattels with it as a warehouseman, and that its lien was superior to that of plaintiff.

Plaintiff filed answer to cross-petition of defendant. Winter, in which she denied all the allegations of said cross-petition, and charged defendant Winter with having surrendered the lease on the building in which the furniture was located, and the storage of the furniture with defendant storage company, thereby rendering it impossible to restore same if rescission should be decreed.

Defendant Winter assumed the burden of proof and was called as a witness in her own behalf. She testified, in substance, that she was a trained nurse and without experience in the hotel business; that she saw an advertisement in a Tulsa paper offering to trade hotel furnishings for a house and lot; that having a house and lot she desired to trade, she got in communication with the party offering the trade, it being plaintiff herein. Defendant Winter immediately went to the hotel of plaintiff, which adjoined that offered to trade. Both parties seemed anxious to close the deal. Defendant testified that plaintiff showed her two or three of the rooms, and falsely represented to her that the other rooms, which were locked, were similar to those shown her, but they were occupied and she could not afford to disturb the occupants, and that such statements were false and the other rooms were not as represented, and were not occupied by guests. She further testified that on the next day she returned to the hotel she was trading for, where she met the plaintiff, and at whose suggestion she and the plaintiff went to the office of plaintiff's attorney for the purpose of having the transfers prepared and the title to her house and lot examined; that while they were in this attorney's office, plaintiff suggested that the building in which the furnishings were located was owned by a man who lived at Collinsville, and as her lease expired on December 31st following, they should drive over and see him while the papers were being prepared; that plaintiff and Mrs. Winter then drove to Collinsville, where they saw the owner of the building, where defendant Winter arranged to assume the lease for the remainder of the year, but that she did not at that time secure a lease for the next year, but some weeks later she did lease the building for the succeeding year; that when the parties returned from Collinsville, they went to the attorney's office and signed the necessary conveyances, whereupon plaintiff suggested that they return to the hotel so that she could turn the hotel over to her; that when they reached the hotel, plaintiff introduced her to two women who were guests or occupants of the hotel; that plaintiff then left, after which one of the women asked the defendant if they two could continue to stay there, and upon defendant asking them why the request, she was informed that she had traded for an "assignation house." According to her testimony, defendant then asked the two women to take charge of the place until she could get some one to operate it; that two days later, she had her son to come over from Earlsboro and take charge; that the

note she had given as part of the purchase price of the hotel was payable in installments of $40 each month, and when the October payment came due, plaintiff called her over the telephone and demanded payment, and defendant told her that she did not have the money, but defendant made no complaint as to the character of the hotel, nor the condition of the furniture.

That on the 30th day of October, 1930, she caused a notice demanding rescission to be served on the plaintiff. The defendant offered witness, Gleasor, who testified that he was working for the defendant storage company, and gave evidence as to the condition of the furniture when it was stored, which was on November 13, 1930. On cross-examination by defendant storage company, he testified that he did not see the plaintiff about the hotel at the time the furniture was being moved. This is mentioned here as the plaintiff testified she was present and objected to the removal of the property.

G. B. Hogins, an employee of the defendant storage company, was called by defendant Winter, and testified both on direct and cross-examination as the preceding witness.

This is a sufficient statement of the evidence to enable us to pass upon the question raised in the case. At the close of defendant's evidence, the plaintiff demurred thereto, and after an extended argument between the court and defendant Winter's counsel, the demurrer was sustained.

During the controversy plaintiff asked permission to introduce the plaintiff as a witness, who testified she was present at the time the furniture was removed by the storage company, and that she objected to the same being moved. While she was being cross-examined by the attorney for the storage company, the court interrupted the proceedings and stated that he was going to discharge the jury. The attorney for the storage company insisted that he was not through with his cross-examination and would insist that the question of fact raised by him as to the plaintiff having waived her priority under the mortgage be submitted to the jury; the court thereupon discharged the jury, over the objection of the defendant storage company, and notified the parties to return at 1:30, and that he would hear them on the law questions involved. On reconvening court, the plaintiff was permitted to introduce note and mortgage, after which judgment was rendered in favor of plaintiff on the note and mortgage sued on, against defendant Winter, and defendant was given judgment for the amount of its storage as claimed, with a foreclosure of its warehouseman's lien, subject, however, to the mortgage lien of plaintiff.

Defendant Winter makes seven assignments of error, but in fact raises but one question, and that is the action of the court in sustaining a demurrer to her evidence. It is apparent that she made a bad bargain when she bought the supposed hotel furnishings, and it is equally apparent that she handled matters very carelessly after she discovered that she had been overreached. She contracted for the property on September 8, 1930. On the next day conveyances were signed and each party took charge of the properties as contracted for. Within a few minutes after the hotel had been turned over to defendant Winter, she was advised by one of the inmates of the place that she had bought an "assignation house." She not only made no complaint to her vendor, but placed the two inmates, who were strangers to her, in charge and left the premises. She later telephoned her son to come and take charge of the property, and she testified that she had him come there to see if he could sell it. The plaintiff who sold her the property lived in a hotel adjoining the one sold to defendant, yet defendant made no complaint of the character of the hotel, nor the condition of the furniture, and when the plaintiff demanded the first payment due under the terms of the note and mortgage, her only excuse for not paying was that she did not have the money. She admitted she surrendered the lease on the building and had placed the furniture in storage, thereby rendering it impractical, if not impossible, to restore in case of rescission:

We are of the opinion that under the doctrine announced in Ford v. Goodman, 116 Okla. 88, 243 P. 181, the action of the court in sustaining the demurrer to the evidence of defendant Winter was proper.

The question raised by defendant storage company is more serious. The court, as disclosed by the record, took the case from the jury, over the objection of the defendant. As between plaintiff and this defendant, the only question was one of priority of liens. The court seems to have acted on the theory that the defendant storage company was not entitled to go to the jury on the question of plaintiff having waived her prior lien, for the reason that the defendant storage company had not pleaded "waiver."

Plaintiff contends that the evidence of waiver is inadmissible unless specially pleaded, and cites Wolf v. German Am. Farmers Mut. Ins. Co., 60 Okla. 113, 159 P. 480, and Barnsdall National Bank v. Dykes, 136 Okla. 226, 277 P. 219. Both cases announce the general rule that "waiver" in the nature of estoppel must be pleaded, but defendant storage company insists that a defendant in a replevin action may, under a general denial, make any defense which will defeat plaintiff's right to possession; citing French v. Brown, 73 Okla. 32, 174 P. 748; Thompson v. Grove, 72 Okla. 290, 180 P. 553; Williams v. Gibson Bros., 60 Okla. 147, 159 P. 649, all of which sustain his contention.

It, therefore, becomes necessary for this court to determine which rule shall be followed in this case. The evidence is that defendant storage company was in possession of the furniture at the time the suit was filed. Its counsel was in the act of cross-examining plaintiff at the time the jury was discharged. Some evidence had already been offered which slightly tended to show knowledge on the part of the plaintiff that the furniture was being stored and that she made no objections. This evidence was not objected to at the time, and under the holding of this court in First Bank of Texola v. Terrell, 44 Okla. 719, 145 P. 1140, probably amounted to a waiver of objections that it had not been specially pleaded. In the case last cited this court said:

"While, as a general rule, estoppel or waiver must be pleaded, failure to do so may be waived by plaintiff by proceeding with the trial of the case without objection, as though the defense relied on had been pleaded."

We, therefore, hold under a long line of decisions of this court that any defense may be made in a replevin action which will tend to defeat the right of plaintiff to recover, and that in this case the plaintiff waived her right to insist on this objection when she failed to object to the evidence on that ground.

It necessarily follows that the defendant storage company was entitled to offer proof on this phase of the case and have the issue submitted to the jury. Craighead et al. v. Myers, 146 Okla. 25, 293 P. 192.

The judgment is affirmed as to defendant Anna M. Winter and reversed and remanded as to defendant Federal Storage & Van Company.

The Supreme Court acknowledges the aid of Attorneys Guy Green and R. H. Brown in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Green and approved by Mr. Brown, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and GIBSON, JJ., concur.