### WOLFF v. GERMAN-AMERICAN FARMERS' MUT. INS. CO.

No. 7423—Opinion Filed July 25, 1916.
(159 Pac. 480.)

**1. Insurance—Pleading—Estoppel.**

An estoppel or waiver of the conditions in a benefit certificate, in order to be available to the beneficiary in an action thereon, must be specifically and distinctly pleaded, and, if not so pleaded, evidence of such estoppel or waiver is not admissible at the trial.

**2. Insurance—Action—Evidence of Waiver.**

Where the by-laws of a mutual farmers' fire insurance company, made a part of the contract of insurance by the terms of the policy, provide, "In case of damage by fire or lightning a member is not entitled to compensation if he has not paid dues within 30 days after notification," and notice of dues on account of an assessment was given the member August 4, 1913, and the fire occurred November 24, 1913, and the dues were not paid until after the fire, and were paid into the bank, the company's depository, without notice of the fire, and the officers of the company, when notified of the payment, refused to accept the dues for the reason that a loss had occurred while the member was in default, and notified the member that the company would not accept the payment, and did not accept it, held, (a) That evidence of a waiver of this condition in the contract was incompetent because a waiver had not been pleaded; and (b) the evidence set out in the record, if competent, was insufficient to show a waiver of this condition; and (c) the order of the trial court sustaining a demurrer to the evidence was not error.

(Syllabus by Galbraith, C.)

Error from District Court, Noble County; W. M. Bowles, Judge.

Action by George Wolff against the German-American Farmers' Mutual Insurance Company. From judgment for defendant, plaintiff appeals. Affirmed.

Cress & St. Clair, for plaintiff in error.

H. A. Johnson, for defendant in error.

Opinion by GALBRAITH, C. The defendant in error, a mutual farmers' insurance association, organized and operated by certain residents of Noble county, under the laws of the state of Oklahoma, was sued in the trial court by George Wolff, one of its members, on a policy of insurance issued to him. The form of the policy is peculiar. The pertinent parts of it are as follows:

"This policy of insurance witnesseth: That George Wolff on the S. E. quarter of section 23, township 20, range 2 west, in Noble county, Oklahoma, a member of the German-American Farmers' Mutual Insurance Association, of Perry, Oklahoma, is entitled, according to the constitution and by-laws of said association by actual loss or damage by fire and lightning, to indemnification of all actual loss of the following described property."

Then follows a description of the property, and the respective amounts of insurance on each item, aggregating $1,925. The contract then proceeds:

"The length of time of this insurance policy is assigned for five years, but may before the expiration of this time be revoked by the president of the association, or expire by voluntarily leaving the association of the insured party, if such leaving is done after fulfillment of the conditions contained in the constitution and by-laws of the association.

"I, the undersigned, a member of the German-American Farmers' Fire Insurance Association, at Perry, Oklahoma, do hereby oblige by my signature to submit to this constitution, these by-laws and decisions, and to acquit myself precisely to all its determination.                    George Wolff."

Dated at Perry, Okla., the 4th day of June, 1909.

The constitution (article 15) makes loss by fire payable within 60 days, and article 16 provides that when the loss is sustained the assured shall notify one of the directors at once, and this director—

"shall in community with another appointed by him, and a member appointed by the sufferer, as soon as possible proceed to estimate the loss."

Article 17 of the constitution reads:

"In case of damage by fire or lightning a member is not entitled to compensation, if he has not paid dues within thirty days after notification; he is also not entitled to compensation if he caused the fire himself malevolently or lightly. All members must have paid dues within thirty days after the notification, otherwise they are suspended."

Section 17 of the by-laws reads as follows:

"(a) All loss and running expenses must be paid out of the main treasury. When the treasury is exhausted the secretary will make an assessment answering the necessities.

"(b) If a member neglects to pay his contribution within the time, the treasurer has to admonish same by registered letter. In

case the member does not perform his obligations within fifteen (15) days after date of the admonishment, the directory may take judicial steps for recovery of the sum with ten per cent. and fees.

"(c)    The name of the member is to be stricken from the list of members.  Should such former member again make application for initiation, it must be treated like a new member."

· The petition alleged the issuance of the policy and the loss, and the ownership of the property destroyed, and the furnishing of proofs of loss, and the refusal to pay.  The answer was a general denial, and stated that the company was not liable, for the reason that plaintiff was in default and "had not paid dues within 30 days after notification," and for that reason he was not entitled to recover on his policy under the by-laws and the constitution of the association, made a part of the policy.  The reply was a general denial.  A jury was waived and the cause submitted to the court for trial.  At the close of the plaintiff's evidence a demurrer was interposed thereto, which was sustained.  A motion for new trial was overruled, and judgment entered, dismissing the cause and for costs against the plaintiff.  An appeal from that judgment has been taken to this court, and the error assigned is the ruling sustaining the demurrer to the evidence.

The plaintiff's evidence, in brief, was to the effect that the policy in suit was written at the solicitation of the secretary of the association, who called on the plaintiff, in person, and solicited the policy, and that the plaintiff objected at that time to the provision of the by-laws making a member in default for a failure to pay the assessment in 30 days, and that the secretary told the plaintiff that this provision of the policy was not strictly enforced, but if the member did not pay the assessment within 30 days he could pay it as soon as he could, and the company would accept it, and that this membership in the company would not be canceled until the notice by registered letter was sent him, and that there had been an assessment made on August 4, 1913, and notice thereof given to the plaintiff, and that he had not paid the assessment on the 24th day of November, when his loss occurred, but that he was absent from the state at the time, and his brother on that day paid the amount of the assessment in at the bank, the depository of the association, and where all the assessments were payable; that when this assessment was paid on the 24th day of November, 1913, after the fire, and accepted by the depository, nothing was said about the loss having occurred, and that as soon as the secretary of the company was notified of the payment, he immediately said that he would

not accept it; that the member was in default in his assessment when the fire occurred, and could not recover on his policy, and that the association would not accept the assessment paid after the fire.  It does not appear that the assessment was actually returned to Wolff, or that it was accepted by the association, or what became of it.  It also appears that when notice of the fire was given to the president of the association, he said the member was in default and could not recover on his policy, and that he would have nothing to do with this loss, but on solicitation he organized a committee to assess the loss in order that it might be presented to the annual meeting of the association for payment or such action as might then be authorized.  It also appears that the plaintiff, Wolff, was treated as a member of the association and permitted to sign the articles of incorporation, wherein the association incorporated on the 15th day of October, 1913, after he was in default on the payment of the August assessment.  The officers of the association explained the practice of the association in receiving dues after the limitation of 30 days had run. after notice of assessment, and retaining the names of such parties on the roll of members of the association, by saying that it was the practice to treat them as members, although in default in paying assessments, and to take the money when they could get it, but if there was a fire, there was no protection to such member. and that no claim for loss occurring when the member was in default had ever been recognized by the association.

It is argued on behalf of the plaintiff in error that this evidence was sufficient to establish a custom on the part of the association by which the penalty prescribed in the constitution and by-laws for failure to pay an assessment within 30 days after notification was waived, and to work an estoppel on the part of the association to deny liability on the policy in suit.

At least two satisfactory reasons appear why this contention is not well taken:

First.  All the evidence admitted at the trial tending to prove the custom and waiver was incompetent for the reason that no predicate had been laid therefor in the pleadings. · In the petition the plaintiff declared upon the policy, alleging the loss and furnishing proof of loss, and that he had complied with all the conditions on his part to be performed The answer denied that the terms of the policy had been complied with, and set out specifically that the member had not paid the last assessment at the time of the fire, within 30 days after notice thereof, and for that reason the company was not liable.  The reply to this was a general denial, and hence,

under the pleadings, there was no issue of waiver, and, of course, no evidence as to custom establishing a waiver was competent. In Modern Woodmen of America v. Weekley, 42 Okla. 25, 139 Pac. 1138, the third paragraph of the syllabus reads:

"An estoppel or waiver of the conditions in a benefit certificate, in order to be available to the beneficiary in an action thereon, must be specifically and distinctly pleaded, and, if not so pleaded, evidence of such estoppel or waiver is not admissible at the trial."

See, also, Holt v. Holt, 23 Okla. 639, 102 Pac. 187; Blakemore v. Johnson, 24 Okla. 544, 103 Pac. 554; American Jobbing Ass'n v. James, 24 Okla. 460, 103 Pac. 670; Cooper v. Flesner, 24 Okla. 47, 103 Pac. 1016, 23 L. R. A. (N. S.) 1180, 20 Ann. Cas. 29; Nance v. Oklahoma Fire Ins. Co., 31 Okla. 208, 120 Pac. 948, 38 L. R. A. (N. S.) 426; C., R. I. & P. R. Co. v. Spears, 31 Okla. 469, 122 Pac. 228; Chambers v. Van Wagner, 32 Okla. 774, 123 Pac. 1117.

Second. If the evidence tending to establish a custom was competent, it was not sufficient to show a waiver of the provision of the contract, to the effect that:

"In case of damage by fire or lightning a member is not entitled to compensation, if he has not paid dues within thirty days after notification."

The proof admitted tended to show that the company did not strike the names of members from its rolls for failure to pay assessments within 30 days, and that they still treated them as members of the association, although they were in default and had not paid the last assessment within 30 days "after notification," but there was no evidence that showed, or tended to show, that the association ever recognized its liability on a policy where the fire and loss occurred when the member was in default in paying an assessment. This fact distinguishes the instant case from that of Pacific Mutual Life Ins. Co. v. McDowell, 42 Okla. 300, 141 Pac. 273, relied upon by plaintiff in error to sustain his contentions. In the McDowell case the evidence showed that the company had established a custom and waived the provisions of its contract calling for the payment of dues on the first of each month, and had accepted them from the fifteenth to the twenty-fifth, and had recognized a loss and paid the same where it occurred when the member was in default in the payment of his dues.

Again, the fact that the payment of the assessment was made to the bank, the depository of the association, after the fire, and without notice that a loss had occurred, does not bring the instant case within the rule announced in American Bankers' Insur-

ance Co. v. Thomas, 53 Okla. 11, 154 Pac. 44, inasmuch as in the instant case the testimony did not show that the association ever accepted the assessment or received it. The depository had no right to waive any conditions of the contract on behalf of the association, and the evidence in the instant case shows that the secretary and president of the association, as soon as they were notified of the payment of the assessment after the fire, immediately announced that they would not take it, and told the member that he might go and get it, and that the association would not accept it, and that the association was not liable for the loss, and the testimony failed to show that the association ever did accept the assessment paid by Wolff.

The ruling of the trial court in sustaining the demurrer to the evidence seems to have been correct, and the judgment appealed from should be affirmed.

By the Court  It is so ordered.