## GANNAWAY v. STANDARD ACC. INS. CO. OF DETROIT, MICH.
### No. 1409.

Circuit Court of Appeals, Tenth Circuit.
July 27, 1936.

Wade H. Loofbourrow, of Oklahoma City, Okl., and Meacham, Meacham & Meacham, of Clinton, Okl., for appellant.

M. U. Hayden, of Detroit, Mich., and Ned Looney and Edgar Fenton, both of Oklahoma City, Okl., for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

This action presents for determination the liability of the insurance company on its accident policy insuring Clarence Gannaway with double indemnity in the event death should result from bodily injuries effected through accidental means while the insured was driving or riding in an automobile.

Plaintiff is the nominated beneficiary in the policy and the surviving widow of the insured. She instituted the suit in the state court alleging that the policy was dated January 17, 1928, and provided for an annual premium of $27.50; that F. H. Palmer was the agent of the company at Clinton, Okl.; that it was agreed between the insured and the company through Palmer that the policy should not lapse without notice thereof in advance; that it would be renewed from year to year and kept in force unless the insured notified the company otherwise and that he would pay the premium; that the insured depended upon the company to keep the policy in force and to send him a statement for the premium as it became due; that annual premiums were paid to the agent on February 1, 1929, March 1, 1930, and February 6, 1931; that they were paid and accepted and the insurance continued in force in accordance with such agreement, custom and practice; that the company held Palmer out to the insured and others as its agent clothed with full apparent power to enter into the agreement and do the things set forth; and that on January 27, 1932, while the insured was depending upon such understanding and agreement that the policy was in force and without any notice from the company that it had lapsed, the insured sustained bodily injuries through accidental means

while riding in an automobile from which he died the following day. Subsequent to removal of the case to the United States court and more than three years after the death of the insured, a supplement to the petition was filed in which it was alleged that some time in January, 1932, the company issued its usual and customary certificate of renewal at its office in Oklahoma City and forwarded it to Palmer; that Palmer displayed it to the insured and advised him that the policy was renewed and in force for another year; and that if the insured did not actually pay the premium for such renewal at the time the certificate was issued, the company extended him credit for the amount in accordance with the custom and practice between them.

A demurrer on the ground that the alleged facts failed to state a cause of action and that the action was barred by the statute of limitation and by the limitation fixed in the policy was sustained. Plaintiff appealed.

It is contended that the amendment introduced a new cause of action which had become barred, but the conclusion which we have reached respecting the basic question of liability upon the policy renders it unnecessary to consider that point. The policy was an annual contract which expired upon failure to pay the renewal premium on the due date. It provided that, subject to its conditions and limitations, it might be renewed with the consent of the company and by payment of the premium; that if default should be made in the payment of the premium, the subsequent acceptance of such premium should reinstate the insurance, but only to cover accidental injury thereafter sustained; that no change in its terms should be valid unless approved by an executive officer of the company and indorsed thereon; and that no agent should have authority to change the policy or to waive any of its provisions. Manifestly, there were two plainly provided requisites for renewal. They were payment of the premium and assent of the company. And by the clear terms of the reinstatement clause, acceptance of an overdue premium merely reinstated the contract to cover injury thereafter sustained and did not extend the coverage to the period intervening between the termination and the subsequent payment. Further, it was unconditionally provided that a change in the contract could be effected only with approval of an executive officer of the company. Palmer was not such an officer. He was a soliciting agent without the powers of a general agent. The policy expressly withheld authority for him to waive any of its provisions. It clearly denied authority in him to waive termination of the contract on January 17, 1932, upon failure to pay the premium due at that time or to agree with binding effect upon the company that the insurance should continue in force without payment of such premium. A provision of that kind is valid and binding; and where it is expressed in the contract, the insured is presumed to be aware of it. And one who enters into an agreement with such an agent, knowing that his act exceeds his authority, cannot have recourse against the principal, absent ratification. Northern Assurance Co. v. Grand View Building Association, 183 U.S. 308, 22 S.Ct. 133, 46 L.Ed. 213; Slocum v. New York Life Ins. Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879, Ann.Cas.1914D, 1029; Exchange Trust Co. v. Capitol Life Ins. Co. (C.C.A.) 49 F.(2d) 133; Lamar v. Aetna Life Ins. Co. (C.C.A.) 85 F.(2d) 141; Hill v. Philadelphia Life Ins. Co. (C.C.A.) 35 F.(2d) 132; Massachusetts Protective Ass'n v. Turner, 171 Okl. 14, 41 P.(2d) 689; Collins v. Metropolitan Life Ins. Co., 32 Mont. 329, 80 P. 609, 1092, 108 Am.St.Rep. 578; Tuttle v. Pacific Mut. Life Ins. Co., 58 Mont. 121, 190 P. 993, 16 A.L.R. 601; Travelers' Ins. Co. v. Myers, 62 Ohio St. 529, 57 N.E. 458, 49 L.R.A. 760.

The petition contains general allegations that the company held Palmer out as its agent clothed with apparent authority to make the agreement; that the insured depended upon such agreement; and that the company acted accordingly and ratified and acquiesced in it. The demurrer admitted all matters well pleaded, but these allegations are in conflict with the clear provision in the policy expressly denying authority to an agent to make an agreement of that kind. It is well settled in Oklahoma and elsewhere that where a written instrument is the foundation of a civil action and a copy of it is attached to the pleading, it controls over the pleading in respect of any conflict between the two. Hyde v. City of Altus, 92 Okl. 170, 218 P. 1081; Mason v. Slonecker, 92 Okl. 227, 219 P. 357; Forry v. Brophy, 116 Okl. 99, 243 P. 506; Home Ins. Co. v. Whitchurch, 139 Okl. 1, 281 P. 234; School District

No. 60 v. Crabtree, 146 Okl. 197, 294 P. 171; Deere v. Gypsy Oil Co., 160 Okl. 237, 15 P.(2d) 1086; Devine v. Pyanhunkah, 170 Okl. 178, 39 P.(2d) 132; Maxwell-Chamberlain Motor Co. v. Piatt, 65 Colo. 140, 173 P. 867; Stillwell Hotel Co. v. Anderson (Cal.App.) 42 P.(2d) 720; Aetna Ins. Co. v. Long (Tex.Civ.App.) 47 S.W.(2d) 854; Rounds v. Owensboro Ferry Co., 253 Ky. 301, 69 S.W.(2d) 350; Frigorifico Wilson De La Argentina v. Weirton Steel Co. (C.C.A.) 62 F.(2d) 677.

Plaintiff's alleged cause of action has its genesis in covenants which the agent lacked authority to make.

Accordingly, the judgment of dismissal is affirmed.