## McVAY v. MUTUAL BEN. HEALTH & AC- CIDENT ASS'N OF OMAHA, NEB.
### No. 2644.

District Court, N. D. Oklahoma.
Jan. 25, 1939.

W. H. Ingersoll and Hamilton & Clendinning, all of Tulsa, Okl., for plaintiff.

Monnet & Savage, of Tulsa, Okl., for defendant.

FRANKLIN E. KENNAMER, District Judge.

The Chromium Plating Company conceived a plan for insuring its employees against accidents instead of carrying workman's compensation insurance. Mr. Broadhurst, its Secretary-Treasurer, discussed the policies with Mr. Hundahl, defendant's agent, and arranged for him to go to the employer's factory to take the employees' applications. Death benefits were to be paid to the employer, and disability benefits to the employee. Premiums were to be paid to defendant in advance by the employer, which reimbursed itself by deducting a certain sum each week from the employees' wages, although defendant had no knowledge of the wage deduction plan.

Mr. Swim, the factory manager, explained this plan to the employees and asked them to assist in carrying it out by giving their applications to Hundahl when he came to the factory. Hundahl came to the factory, took the employees' applications and the policies were issued. The employer paid the premiums in advance.

McVay was one of the employees on whom a policy was issued. His employer paid premiums which kept the policy in force until June 1, 1936, but, McVay's employment having then terminated, the premium due on that date was not paid. McVay was re-employed the following September, and wage deductions for insurance were resumed by the employer, but no payment of any sum was made to defendant. In November, while still so employed, Mc-

Vay suffered an accidental injury and then brought this suit to recover on the policy.

The question is whether the policy was in force on the date of the injury.

Plaintiff contends that under the provisions of Sections 10483 and 10514, O.S. 1931, 36 Okl.St.Ann. §§ 123, 197. The Chromium Plating Company was defendant's agent; that the agent accepted part payments on the premium in September, October and November, and so recognized the policy to be in force on the date of plaintiff's injury. This involves a reinstatement of the policy after its lapse June 1, 1936, for non-payment of premium, and a waiver or modification of the requirement of the policy for the payment of premiums quarterly in advance.

■ Section 10483, O.S.1931, provides: "Any person, who for compensation solicits insurance on behalf of any insurance company, or transmits for a person other than himself an application for a policy of insurance to or from such company, or offers or assumes to act in the negotiating of such insurance, shall be an insurance agent within the intent of this article, and shall thereby become liable to all the duties, requirements, liabilities and penalties to which an agent of such company is subject."

This statute does not help plaintiff. The Chromium Plating Company received no compensation, nor did it transmit to defendant any application for a policy. It is unnecessary to consider any other aspects of the statute.

■ Section 10514, O.S.1931, provides: "Any person who shall solicit and procure an application for insurance shall, in all matters . relating to such application for insurance, and the policy issued in consequence thereof, be regarded as the agent of the company issuing the policy and not the agent of the insured, and all provisions in the application and policy to the contrary are void and of no effect whatever."

Even if it could be said that the Chromium Plating Company solicited and procured the application for insurance, there is no place here for the operation of this statute. The Chromium Plating Company was one of the beneficiaries under the policy. It was interested in keeping the insurance in force as a substitute (whether effective or not, we need not inquire) for workman's compensation insurance. Its interest in obtaining the policy and keeping it in force

was adverse to the interest of the insurer. Under the rulings of the Supreme Court of Oklahoma this adverse interest precludes the existence of the agency—indeed might render the policy invalid if the agency be said to exist. Great American Insurance Company v. Farmers' Warehouse Company, 91 Okl. 118, 217 P. 208; Oklahoma Aid Ass'n v. Pecinosky, 167 Okl. 427, 30 P.2d 167. Section 10,514 was not mentioned in the cited cases. There was no need to mention it. All the statute does is to create the agency, and in the cited cases the existence of the agency generally was undisputed.

■ I therefore hold that neither The Chromium Plating Company nor its officers were agents of defendant. Its action in making deductions from McVay's wages for insurance premiums in September, October and November was without effect as to defendant, or the policy issued to McVay.

This opinion, perhaps, should end here. Yet there is an additional reason for denying plaintiff any recovery.

Grant, arguendo, that The Chromium Plating Company was defendant's agent. That is not enough. It must have had authority to bind defendant by the acts done by it. It had no such authority.

■ Section 10514 establishes the agency as to matters relating to the application and the policy issued in consequence thereof. It has been said that the scope of the agency created by such a statute is to be determined by the applicable principles of the common law. Home Ins. Co. of N. Y. v. Scott, 284 U.S. 177, 52 S.Ct. 72, 76 L.Ed. 230; New York Life Ins. Co. v. McCreary, 8 Cir., 60 F.2d 355; Parsons v. Federal Realty Corp., 105 Fla. 105, 143 So. 912, 88 A.L.R. 275, and note, page 291; Kopald Elec. Co. v. Ocean Accident & Guarantee Corp., 64 N.D. 213, 251 N.W. 852; Bennett v. Royal Union Mut. Life Ins. Co., Mo.App., 112 S.W.2d 134.

■ Statutes of this nature were enacted for the protection of the public. See St. Paul, etc., Co. v. Shaver, 76 Iowa 282, 41 N.W. 19; Bennett Case, supra, 112 S.W.2d 134. Their purpose is served by holding that the agent has the usual powers of a soliciting agent. Certainly it was not intended that the agency should be a general one, existing at all times and as to all matters arising after the application was taken and the policy issued. Compare

Home Ins. Co. of N. Y. v. Southern Motor Coach Corp., 171 Okl. 94, 41 P.2d 870, that the statute does not prevent the agent from becoming the representative of the insured after the policy has been delivered.

[6] It follows that The Chromium Plating Company had no authority to accept part payment of premiums nor to reinstate a lapsed policy. Slocum v. New York Life Ins. Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879, Ann.Cas.1914D, 1029. And see Wolff v. German-American Farmers' Mut. Ins. Co., 60 Okl. 113, 159 P. 480. Compare Dewease v. Travelers' Ins. Co., 208 N.C. 732, 182 S.E. 447; Bennett v. Royal Union Mut. Life Ins. Co., Mo.App., 112 S.W.2d 134; Gannaway v. Standard Acc. Ins. Co. of Detroit, 10 Cir., 85 F.2d 144; Massachusetts Protective Ass'n v. Turner, 171 Okl. 14, 41 P.2d 689. And see Phipps v. Union Mut. Ins. Co., 50 Okl. 135, 150 P. 1083.

The insurer, according to the proof, knew nothing of the wage deduction plan, and received none of the September, October or November deductions. The Chromium Plating Company, having received these payments and thereby leading the plaintiff to believe insurance had been provided for him, would appear to be the one upon whom liability rests. The special issue submitted to the jury was decided in favor of the plaintiff, that he received a permanent and total disability during his employment by The Chromium Plating Company. The verdict is supported by the evidence. The issue as to the agency of The Chromium Plating Company was submitted to the court by the agreement of the parties. In view of the authorities herein referred to I am of the opinion that the plaintiff's case upon the issue cannot be sustained and judgment is rendered for the defendant.